**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel E. DACK, Defendant–Appellant.**

**No. 91–3489.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 17, 1992.

Decided March 9, 1993.

Andrew B. Baker, Jr., Asst. U.S. Atty., Dyer, IN (argued), for plaintiff-appellee.

Robert C. Perry, Indianapolis, IN (argued), for defendant-appellant.

Before POSNER, FLAUM and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

For the years 1984 and 1985, Daniel E. Dack failed to file federal income tax returns. In March of 1991, a grand jury returned a two-count indictment charging Dack with income tax evasion in violation of 26 U.S.C. § 7201. At trial, Dack represented himself with the assistance of standby counsel and rested without presenting evidence.

At the close of the trial, the court instructed the jury that the failure to file a tax return cannot be justified by the Fifth Amendment privilege or by a disagreement with the tax laws. The jury returned guilty verdicts on both counts. Dack appeals his conviction, alleging that error in instructing the jury on defenses which he did not assert entitles him to a new trial. We disagree and affirm.

## I.

Daniel Dack was employed as a longshoreman with various companies in Indiana. From 1970 through 1979 Dack filed federal income tax returns with itemized deductions. Although he continued to receive reportable income from 1980 through 1985, he did not file returns for these years. In spite of notification from the IRS that he was not entitled to exemption from income tax withholding, he continued to claim exempt status on W-4 forms filed with his employers. While some of the employers withheld income tax from Dack's paychecks pursuant to IRS instructions, others did not. In 1984, Dack had an adjusted gross income of $39,256.36. Deducting the tax withheld by one of his employers, Dack owed $2,326.18 in income tax for 1984.

In 1985, Dack retired from the longshoreman's union and received his pension as requested in a lump sum of $65,882.33. Although the union trust fund administrator advised Dack about the tax consequences of the pension distribution, Dack requested that no monies be withheld from the pension distribution for federal income tax. Shortly after depositing his pension check, he withdrew the money, receiving $15,907.33 in cash and a check for $50,000. The $50,000 check was endorsed over to a tax protester organization and deposited in a warehouse bank operated by the organization. For the year 1985, Dack had a total gross income of $70,364.51 and owed $8,281.40 in federal income taxes.

Although Dack presented no evidence, his sole defense was that he believed that he was not subject to the tax laws of the United States and therefore did not act willfully in evading taxes. At the close of the trial, the court properly charged the jury on the elements of tax evasion and defined the element of willfulness. The court further instructed that a good faith misunderstanding of the law constitutes a defense and may negate the element of willfulness. Over defense objection, the court also instructed the jury that (1) the Fifth Amendment privilege against self-incrimination does not justify a failure to file a tax return, and (2) the failure to pay taxes cannot be justified because of political disagreement with tax laws or government policies.

## II.

■ Dack does not dispute that these instructions were fair and adequate state-

ments of the law. Rather, he argues that the court committed reversible error by instructing on matters which were not part of the defendant's theory of defense, were not matters in dispute, and were not supported by the evidence.[1] By instructing on these matters, Dack contends that the trial court prejudiced his defense by distracting the jury from the only theory of defense raised, *i.e.*, a good faith misunderstanding that the tax laws applied to him. It is not disputed, however, that it is within the trial judge's province and duty to instruct the jury as to the applicable rules of law by which to weigh the evidence before it.

A reviewing court must " 'proceed cautiously when asked to set aside a jury's verdict and order a new trial, bound to consume substantial judicial resources, on the ground that the instructions contained erroneous or confusing passages.' " *Timmerman v. Modern Indus. Inc.*, 960 F.2d 692, 696 (7th Cir.1992) (quoting *Littlefield v. McGuffey*, 954 F.2d 1337, 1344 (7th Cir.1992)). This court's "review of jury instructions is limited to the determination of 'whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine those issues.' " *Trustees of Indiana Univ. v. Aetna Casualty & Surety Co.*, 920 F.2d 429, 437 (7th Cir.1990) (quoting *Midcoast Aviation, Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 741–42 n. 7 (7th Cir.1990)). Further, we must construe the instructions in their entirety, not in isolation, and look for overall fairness and accuracy. *Id.; United States v. McNeese*, 901 F.2d 585, 607 (7th Cir.1990) (instructions will not be interfered with on appeal as long as they treat the issues fairly and adequately). Reversal is mandated only if the jury's comprehension of the issues is so misguided that it prejudiced the complaining party. *Timmerman*, 960 F.2d at 696 (citing *Littlefield*, 954 F.2d at 1344, and *Goldman v. Fadell*, 844 F.2d 1297, 1302 (7th Cir.1988));

*see also Bruno v. City of Crown Point*, 950 F.2d 355, 360 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2998, 120 L.Ed.2d 874 (1992); *Wilk v. American Medical Ass'n*, 719 F.2d 207, 218–19 (7th Cir.1983). It is the party raising error who bears the burden of showing prejudice. *Vaughn v. Willis*, 853 F.2d 1372, 1376 (7th Cir.1988). Assuming error, there is still no need for reversal if after reviewing the record as a whole, " 'the evidence in support of the verdict is so overwhelming that the same verdict would necessarily be reached absent the error.' " *Id.* at 1377 (quoting *Weinar v. Rollform Inc.*, 744 F.2d 797, 808 (Fed.Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1844, 85 L.Ed.2d 143 (1985)). Under these circumstances, a new trial would be mere waste and affirmance of the judgment is required.

At the close of the trial, the judge instructed the jury:

The fifth amendment privilege against compulsory self-incrimination cannot be asserted to justify a failure to file a tax return. To rightfully invoke the fifth amendment privilege, an individual must assert it on the tax return form.

Our review of the record reveals that evidence was elicited at trial regarding Fifth Amendment rights and Dack's concern that he not give up any privileges. In response to an IRS agent's request for an interview, Dack stated: "I will answer any questions I can as long as in doing so I do not surrender any rights or privileges or break any law." (Tr. at 182). Dack also raised the issue of privileges in his response to the denial of his refund claim for taxes paid. (Tr. at 545–46). Through cross-examination Dack elicited evidence which showed that he had been advised by Special Agent Hruska of his Fifth Amendment right. He also received an affirmative response when he asked whether these rights were applicable to a person defined as a taxpayer by the code. (Tr. at 566). In

---

1. A defendant is entitled to instruct the jury on any theory of defense, if the law and the evidence presented support the theory, the defendant's theory of defense is not part of the jury charge, and the failure to include an instruction on the defendant's theory of defense would deny the defendant a fair trial. *United States v. Brimberry*, 961 F.2d 1286, 1290 (7th Cir.1992) (citing *United States v. Douglas*, 818 F.2d 1317, 1320 (7th Cir.1987)); *United States v. Townsend*, 924 F.2d 1385, 1414 (7th Cir.1991).

view of this evidence, the court was acting within its province in instructing the jury on the legal effect of the Fifth Amendment privilege as it relates to tax evasion. *See United States v. Verkuilen*, 690 F.2d 648, 654 (7th Cir.1982) (a valid Fifth Amendment privilege must be asserted on the tax return and there must be a colorable showing of involvement in activities which may be revealed through data supplied on the form and which would subject the individual to possible criminal prosecution); *see also United States v. Green*, 757 F.2d 116, 123 (7th Cir.1985); *United States v. Jordan*, 508 F.2d 750, 752 (7th Cir.), *cert. denied*, 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 62 (1975).

■ The trial judge likewise acted appropriately in instructing the jury regarding the legal effect of a political disagreement with the tax laws. Evidence elicited suggested that Dack followed the tax protestor strategy of attempting to delay an audit by a revenue agent, and of utilizing a warehouse bank run by a protester organization in an attempt to hide his money and his monetary transactions from the IRS. (Tr. at 158, 199–200, 460–66). In view of this evidence, instruction number 23 charged the jury:

> Failure to file income tax returns as required by law cannot be justified because of a political disagreement with the tax laws or in protest against the policies of the United States. The purpose of protesting government policies is not a defense even if such protest is based on a good motive.

Arguments which challenge the constitutionality of or validity of the tax laws are precluded because they are necessarily premised on a defendant's full knowledge of the law (unlike claims of mistaken belief or misunderstanding which can be caused by the complexity of the Internal Revenue Code) and therefore make irrelevant the issue of willfulness. *Cheek v. United States*, 498 U.S. 192, 203, 111 S.Ct. 604, 612–13, 112 L.Ed.2d 617 (1991), *on remand United States v. Cheek*, 931 F.2d 1206, 1208 (7th Cir.1991); *cf. United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir.) (a failure to furnish information on income tax returns "cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government.") (citing *United States v. Smith*, 618 F.2d 280, 282 (5th Cir.1980)), *cert. denied*, 459 U.S. 973, 103 S.Ct. 306, 74 L.Ed.2d 286 (1982). Evidence that Dack was aware of the provisions of the tax laws, but maintained that the tax laws did not apply to him, suggests a fundamental disagreement with the tax laws. Under these facts, the judge did not overreach by advising the jury that a disagreement with or a protest to the tax laws was not a defense. In fact, when viewed in context with the other instructions this instruction did not likely mislead or confuse the jury, but rather served to guide the jury in weighing the evidence presented. *See Trustees of Indiana Univ.*, 920 F.2d at 437.

■ Even if one were to accept the argument that the record does not support the contested jury instructions, upon considering the remaining evidence available to the jury, such error in so instructing the jury would be harmless. *See Vaughn*, 853 F.2d at 1376. By failing to overcome the substantial other evidence which supports a finding of willful evasion, Dack is unable to show prejudice. *Id.* at 1377 (absent the error, substantial incriminating evidence existed which would result in same verdict). In the past, Dack had filed proper tax returns with detailed itemized deductions. In spite of information received from the IRS that he was not entitled to exemption from income tax withholding, he continued to file W–4s claiming exempt status. When he received his lump sum pension fund, he inquired about tax consequences and received advice regarding his tax liability. However, instead of paying the tax, Dack utilized a warehouse bank operated by a tax protestor group in an attempt to hide his money from the IRS. This evidence overwhelmingly suggests that Dack was aware of his obligation to pay taxes, but that he intentionally sought ways to avoid that obligation. Accordingly, even if it were error to give the challenged instruc-

tions, it did not prejudice the defendant's case. Therefore, there is no need for reversal.

### III.

On the whole, the record reveals an evidentiary basis for the given instructions. Viewed in their entirety, the instructions gave fair treatment to the evidence presented, and we cannot say that they misled or misguided the jury in any way. Moreover, even if these instructions were erroneously given, they did not prejudice the defendant. The evidence overwhelmingly showed that the defendant was aware of his obligation to pay federal income taxes but sought to avoid that obligation. Accordingly, the conviction is

AFFIRMED.