UNITED STATES of America,
Plaintiff–Appellee,

v.

James T. SMITH, Defendant–Appellant.

No. 97–1866.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 22, 1997.

Decided Dec. 15, 1997.

Rita M. Rumbelow (argued), Office of the U.S. Atty., Madison, WI, for Plaintiff–Appellee.

David A. Geier (argued), Larowe, Gerlach & Roy, Madison, WI, Defendant–Appellant.

Before WOOD, JR., MANION and ROVNER, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

For incidents occurring on October 21, 1996, James T. Smith ("Smith") was charged with bank robbery by intimidation, 18 U.S.C. § 2113(a). At trial, Smith admitted to the facts of the bank robbery, but defended himself with the theory that his actions during the robbery did not constitute intimidation as required under the statute. A jury found Smith guilty, and he was sentenced to 210 months of imprisonment, followed by three years of supervised release. Smith appeals two of the district court's rulings during trial. First, Smith contends that the district court erred in admitting the titles of his prior convictions under Fed.R.Evid. 609. Additionally, Smith argues that the jury was improperly instructed due to the court's refusal to use an Eighth Circuit standard jury instruction defining intimidation in place of the Seventh Circuit instruction. We affirm.

## I.  Background

Smith entered the Norwest Bank branch in Eau Claire, Wisconsin. He approached the teller's counter as if he were going to conduct a banking transaction. Once he reached the window, he instead handed the teller a demand note. The note instructed the teller to empty her drawer immediately, to be quick and quiet, and to use large bills. The note also made reference to "Bonnie and Clyde" and cautioned the teller, "Don't f—— up." The teller presented Smith with over $4,000.00 in cash. Smith placed a black nylon bag on the counter and put the money in it. Smith then removed the bag from the counter, reached across the counter, grabbed the demand note, and left the bank. He was arrested after pursuit by local law enforcement officers.

Smith testified on his own behalf. He admitted to the facts of the robbery; however, he contended that his actions during the robbery did not constitute intimidation under the statute. He added that the teller was not scared during the robbery and that he did not intend to make her afraid. This testimony contradicted that of the teller, who stated that during the robbery she was petrified and felt threatened that if she failed to meet Smith's demands either she or someone else in the bank could be hurt.

At the conclusion of Smith's testimony on direct, Smith's attorney requested a conference concerning whether the government intended to bring up Smith's prior criminal record on cross-examination. In 1986, Smith

had been convicted of robbery, armed robbery, kidnaping, and attempted sexual assault. The defense offered to stipulate to the number of prior convictions if the titles of the offenses were excluded. The government refused to stipulate, arguing that, since the prior criminal history was admitted only for impeachment purposes under Fed.R. Evid. 609, the titles of the offenses should be admissible as probative of Smith's credibility. The defense argued that the prejudice to the defendant by revealing the offense titles far outweighed any probative value they might have had. The court agreed with the prosecution and allowed the titles of Smith's prior offenses to be admitted on cross examination

At the conference on jury instructions, there was debate over whether to use the Seventh Circuit pattern jury instruction for the definition of intimidation. The instruction reads "[i]ntimidation means to say or do something in such a way as would place a reasonable person in fear." WILLIAM J. BAUER, FED.CRIM. JURY INSTRUCTIONS OF THE 7TH CIR., vol. III, 77 (1986). The defense argued that the Seventh Circuit instruction was ambiguous and proposed that the court instead use the Eighth Circuit pattern instruction. The Eighth Circuit instruction defines fear as fear of bodily harm. The court declined to substitute the Eighth Circuit instruction and used the Seventh Circuit version to instruct the jury. Smith appeals.

## II. Discussion

### A. Admission of Titles of Prior Convictions

■ Smith contends that he was unfairly prejudiced by the district court's decision to admit the titles of his prior convictions. We review the district court's decision for abuse of discretion. *United States v. Hernandez*, 106 F.3d 737, 740 (7th Cir.1997).

The district court ruled that the information concerning Smith's prior convictions was admissible under Fed.R.Evid. 609(a)(1). Rule 609(a)(1) provides that, for purposes of attacking a defendant's credibility, evidence that the defendant has been convicted of a crime punishable by death or imprisonment in excess of one year shall be admitted if the court determines that the probative value of

admitting the evidence outweighs its prejudicial effect to the defendant.

■ This circuit has established five factors to guide a district court in determining whether the probative value of evidence concerning a prior conviction outweighs its prejudicial effect. Under this analysis, the district court should consider (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Hernandez*, 106 F.3d at 739–40.

The district court did not abuse its discretion in admitting the titles of Smith's prior convictions. The prior convictions were within the ten-year time limit established by the Rules. Fed.R.Evid. 609(b). Additionally, the defendant based his defense on the contention that the teller was not intimidated to the point of fear during the robbery. The district court recognized that the two major witnesses to this fact would be the teller and the defendant; therefore, the defendant's testimony was a crucial part of the case. Furthermore, since Smith's testimony on this point directly contradicted that of the bank teller, his credibility was a central issue. On the other hand, the prior convictions were similar to the crime at issue in this case, and the defense offered to stipulate to the number of convictions if their titles were excluded. The district court, aware of these facts, nevertheless determined that, given the centrality of the credibility issue, the prosecution could identify the prior convictions. Additionally, the district court gave the jury a clear limiting instruction, directing the jury to consider the prior conviction only for impeachment purposes.

The defendant argues that the Supreme Court's recent decision in *Old Chief v. United States*, —— U.S. ——, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), controls the outcome in this case. However, in *Old Chief*, the prior conviction was not used for impeachment purposes under Fed.R.Evid. 609; therefore, *Old Chief* does not apply. Given the circum-

stances, the admission of the titles of Smith's prior offenses was not outside the scope of reasonable discretion.

### B. Jury Instruction Regarding Intimidation

■ Smith believes that the district court committed reversible error by improperly instructing the jury as to the definition of intimidation. After hearing argument from both the defense and the prosecution, the court decided to use the Seventh Circuit pattern jury instruction regarding intimidation. Smith asserts that this instruction was ambiguous because it defined intimidation only as actions which "would place a reasonable person in fear" without elaboration as to what type of fear was required. Smith, it appears, in accomplishing his purpose viewed himself as only very persuasive.

■ A district court's instructions to the jury must be correct statements of the law and supported by the evidence. *United States v. Perez,* 43 F.3d 1131, 1137 (7th Cir. 1994). We review the instructions in their entirety and look for overall fairness and accuracy. *United States v. Dack,* 987 F.2d 1282, 1284 (7th Cir.1993). Since the composition of jury instructions is not an exact science, many formulations may be adequate. *United States v. McNeal,* 77 F.3d 938, 944 (7th Cir.1996). We give deference to the district court's discretion in determining the specific wording of the instructions and will not overturn a conviction merely because the addition or removal of several words theoretically could have improved a defendant's chance of acquittal. *Id.* Reversal is necessary only if the jury's comprehension of the issues is so misguided that it prejudiced the party raising error, and the complaining party bears the burden of showing prejudice. *United States v. Dack,* 987 F.2d at 1284.

■ *United States v. Jones,* 932 F.2d 624 (7th Cir.1991), outlines our circuit's definition of intimidation under § 2113(a). In order to qualify as intimidation under *Jones,* the defendant's conduct must constitute a threat. *Id. at* 625. Defendant's conduct will be deemed to be a threat if it was calculated to create the impression that any resistance by the teller would be met with physical force by the defendant against the person of another. *Id.* Smith contends that the Seventh Circuit pattern jury instruction is inherently ambiguous and, as a result, does not represent an accurate statement of the law in the circuit. We disagree.

In support of his argument for reversal, Smith cites *United States v. Mims,* 92 F.3d 461 (7th Cir.1996). In *Mims,* the court instructed the jury that proof that a defendant purchased narcotics for resale from a member of a conspiracy was sufficient to support the conviction of that defendant as a co-conspirator, as long as the defendant was aware of the general goals of the conspiracy. *Id. at* 465. This court on appeal noted that current case law on the issue showed that while the purchase of narcotics for resale could be used as evidence of a conspiratorial agreement, alone it was not dispositive. The prosecution also needed to show that an agreement to accomplish a criminal objective existed in addition to the buyer-seller relationship. *Id.* Unlike the instruction at issue in the present case, the instruction in *Mims* was a clearly erroneous statement of the applicable law.

Established case law holds that intimidation is a reasonable fear that resistance will be met with physical force. Decisions on the issue do not address a distinction between fear and fear of bodily harm. Furthermore, Smith concedes that three other circuits currently have standard jury instructions that define intimidation as placing in "fear" rather than in "fear of bodily harm." The district court's instruction on intimidation was a fair and accurate statement of the law in this circuit and was not misleading to the jury. The district court did not err in giving the instruction.

■ Even assuming the court's instruction was in error, reversal is not warranted because the appellant has not made the requisite showing of prejudice. The evidence in this case shows that the same verdict would have been fully justified had the court adopted the Eighth Circuit jury instruction. Appellant argues that there was no evidence that Smith's actions would have produced fear of bodily harm in a reasonable person;

however, Smith's actions inside the bank together with the threatening wording of the demand note clearly support such a finding. Additionally, the teller's testimony that she in fact feared bodily harm to herself or someone else in the bank if she did not comply with Smith's demands can be considered in determining whether Smith's actions would have produced the fear of bodily harm in a reasonable person.

III.   Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court.