**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Rodney HILL, Defendant–Appellant.**

**No. 98–4125.**

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 1999.

Decided Aug. 9, 1999.

Ricardo Meza (argued), Office of the United States Attorney, Criminal Division, Chicago, IL, for Plaintiff–Appellee.

Jerry B. Kurz (argued), Hall & Kurz, Chicago, IL, for Defendant–Appellant.

· Before ESCHBACH, RIPPLE and KANNE, Circuit Judges.

RIPPLE, Circuit Judge.

In this direct appeal from his conviction for bank robbery in violation of 18 U.S.C. § 2113(a), Rodney Hill argues that the evidence was not sufficient to prove beyond a reasonable doubt that his actions during the robbery satisfied the intimidation element of the statute. He does not argue that the government failed to prove any other element of its case. Because there was sufficient evidence for a jury to find that the government proved the intimidation element of the offense, we affirm.

# I

## FACTS

On December 29, 1997, Mr. Hill entered the St. Paul Federal Bank and approached bank teller Gabriela Orozco's window. As Mr. Hill reached Ms. Orozco's window, she asked, "Can I help you?" In reply, he mumbled something and threw a plastic

grocery bag on the counter between them. Then, standing arm's length from Ms. Orozco, Mr. Hill said, "Give me all your money" or "Give me your money." Ms. Orozco responded, "How much?" Mr. Hill answered, "All of it." Ms. Orozco started placing money from her teller drawer into the plastic bag. As Ms. Orozco reached into the back of her drawer for the marked bills, Mr. Hill warned her, "And don't give me any of the funny money." Ms. Orozco followed Mr. Hill's directions and continued putting unmarked bills into the bag. Mr. Hill leaned forward and admonished Ms. Orozco, "Hurry up, hurry up, bitch." As Ms. Orozco finished loading the money into the plastic bag, Mr. Hill reached into his pocket and gestured as if he had a gun. A bank customer standing near Mr. Hill at the teller counter also observed him with his hand moving inside his jacket pocket. Once Ms. Orozco finished placing over $2,000 in the plastic bag, Mr. Hill grabbed it and quickly walked out of the bank.

With Mr. Hill gone, Ms. Orozco pressed the alarm, left her window, and informed a co-worker, "Oh, my God, I've just been robbed." During the robbery she had not hit the alarm, which was located between her window and the adjacent teller window, because she could not do so without being obvious. The bank had instructed her to reach for the alarm during a robbery only if she felt she could do so safely.

On January 15, 1998, Ms. Orozco picked Mr. Hill's picture from a photo array. An FBI agent arrested Mr. Hill on January 19, 1998, and determined that Mr. Hill was not armed during the robbery. Mr. Hill was later indicted on one count of bank robbery. A jury trial commenced on June 30, 1998. Mr. Hill moved for a judgment of acquittal at the close of the government's case, and renewed the motion prior

to the jury deliberations. The district court denied both motions. The jury returned a guilty verdict. The district court sentenced Mr. Hill to 210 months of imprisonment and five years supervised release. Mr. Hill timely filed a notice of appeal.

## II

## ANALYSIS

### A. Standard of Review

 We review the evidence in the light most favorable to the government to determine whether " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,' " *United States v. Brimley*, 148 F.3d 819, 821 (7th Cir.1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)), because Mr. Hill renewed his motion for judgment of acquittal at the close of all the evidence, *United States v. Carlino*, 143 F.3d 340, 343 (7th Cir.1998). We overturn a guilty verdict only if there is no evidence from which a jury could convict. *United States v. Robinson*, 161 F.3d 463, 471 (7th Cir.1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 1482, 143 L.Ed.2d 565 (1999). Thus, a sufficiency of the evidence challenge rarely succeeds. *Id.* at 470.

### B. Evidence Sufficient to Prove Intimidation Element of Crime

 Mr. Hill contends that the evidence presented at trial did not prove the intimidation element of the bank robbery charge. The offense of bank robbery requires the government to prove beyond a reasonable doubt that Mr. Hill took something of value belonging to St. Paul Federal Bank "by force and violence, or by intimidation." 18 U.S.C. § 2113(a).[1] We

---

1. 18 U.S.C. § 2113(a) provides in relevant part:

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any

property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... [s]hall be fined under this

have defined intimidation as "say[ing] or do[ing] something in such a way as would place a reasonable person in fear." *See United States v. Smith*, 131 F.3d 685, 687 (7th Cir.1997) (quoting *Federal Crim. Jury Instructions of the 7th Cir.*, Vol. III, 77 (1986)); *United States v. Jones*, 932 F.2d 624, 625 (7th Cir.1991). In other words, the "defendant's conduct must constitute a threat." *Smith*, 131 F.3d at 688. A defendant's conduct will be considered a threat if it gives the impression that any resistance would be met by physical force. *Id.*

■ We have not addressed what specific acts would place a reasonable person in fear. However, we agree with other circuits that the defendant's actions can rise to the level of intimidation if he confronted a bank employee during the commission of the crime, even if the defendant was unarmed or did not explicitly threaten a bank employee. *United States v. Henson*, 945 F.2d 430, 439 (1st Cir.1991) (note demanding money sufficient to prove intimidation); *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir.1983) (verbal and written demands for money were sufficient evidence of intimidation even though defendant spoke calmly, made no threats and was clearly unarmed); *United States v. Amos*, 566 F.2d 899, 901 (4th Cir.1977) (sufficient evidence of intimidation where robber, with hand in pocket, told bank manager not to sound alarm and directed tellers to hand over money); *United States v. Johnston*, 543 F.2d 55, 56–57, 59 (8th Cir.1976) (demanding money with hand in pocket sufficient to prove intimidation); *United States v. Harris*, 530 F.2d 576, 579 (4th Cir.1976) (note and hand in pocket sufficient for intimidation); *United States v. Robinson*, 527 F.2d 1170 (6th Cir.1975) (finding that, although defendant made no express threats and his hands were visible to the teller, evidence that defendant instructed teller to "give me all your money" and wore coat where weapon could have been concealed sufficient for intimidation). By contrast, in *United States v. Wagstaff*,

865 F.2d 626 (4th Cir.1989), the court held the evidence of intimidation insufficient where the defendant had entered the bank, donned a ski mask, walked into the teller's area, and began taking money from an unattended cash drawer. However, he was never close to a teller and did not present a note, carry a weapon, make any threatening gestures or speak to any employee. The Fourth Circuit reasoned that the defendant's acts did not constitute intimidation because they would not have produced a reasonable fear of bodily harm. *Id.* at 629.

■ In this case, Mr. Hill confronted teller Ms. Orozco, threw a plastic bag on her counter window, and demanded that she give him all her money. In addition, Mr. Hill instructed Ms. Orozco not to give him any "funny money" and admonished her to hurry using a derogatory term. Thus, even though Mr. Hill did not expressly threaten Ms. Orozco or display a weapon, his actions can be characterized as intimidating.

■ Mr. Hill argues, however, that he was not intimidating because he is not an imposing figure and he appeared disheveled during the robbery. He asserts that an ordinary person would not have considered him threatening because he is of medium height and build, did not carry a weapon, spoke softly and had nasal discharge on his nose. His argument is meritless, however, because it is not just physical size and appearance that control whether he was intimidating; his actions during the course of the offense also figure into the assessment. In *United States v. Baker*, 17 F.3d 94, 96–97 (5th Cir.1994), the Fifth Circuit held it was reasonable to believe that an 11 year-old boy, who stood four feet, eight inches tall, weighed approximately 75 pounds and was obviously unarmed, intimidated the tellers by handing them a note that demanded money and threatened them with bodily harm if they did not follow instructions. If a small 11

title or imprisoned not more than twenty

years, or both.

year-old boy's actions can be intimidating, then similar conduct by an adult male of average size most certainly can be. Moreover, it is arguable whether Mr. Hill's unkempt appearance made him more or less threatening.

 Mr. Hill also argues that Ms. Orozco's testimony established that she was not afraid of him. Even if this were the case, which it is not, this argument is misplaced because Ms. Orozco's subjective feelings are irrelevant. *Smith*, 131 F.3d at 687–88; *United States v. McCarty*, 36 F.3d 1349, 1357 (5th Cir.1994); *United States v. Smith*, 973 F.2d 1374, 1377 (8th Cir.1992). Rather, the intimidation element has an objective test: would the defendant's acts cause an ordinary person to reasonably feel threatened? *McCarty*, 36 F.3d at 1357; *Smith*, 973 F.2d at 1377. The government did not have to prove that Ms. Orozco feared Mr. Hill; the relevant inquiry is whether an ordinary person in her position would have been afraid. *McCarty*, 36 F.3d at 1357.

 Furthermore, contrary to Mr. Hill's assertion, Ms. Orozco testified that she was afraid. She testified that she did not hit the alarm during the robbery because she felt doing so would have been dangerous. Ms. Orozco further testified that she did not go back to work after the robbery because she was too nervous. On cross-examination, she testified that she did not alert anyone to the robbery while Mr. Hill was in the bank because she felt that it would not be safe to do so. From Ms. Orozco's testimony a reasonable jury could have concluded that she felt threatened by Mr. Hill. Evidence that the teller felt threatened is probative of whether a reasonable person would have been afraid under the same circumstances. *United States v. Smith*, 973 F.2d 603, 604 (8th Cir.1992); *United States v. Higdon*, 832 F.2d 312, 315 (5th Cir.1987). Consequently, Ms. Orozco's testimony is additional support for the jury's finding that Mr. Hill robbed the bank by intimidation.

 Ms. Orozco further testified that she thought Mr. Hill put his hand in his coat pocket during the robbery to signal to her that he had a gun. Mr. Hill contends that the still photos taken from the surveillance videotape recorded during the robbery contradict Ms. Orozco's testimony because, in most of the photos, Mr. Hill's hands are flat on the teller counter. Ms. Orozco, however, testified that one photo showed Mr. Hill with his hands in his coat pocket. With respect to that photo, Mr. Hill points out that Ms. Orozco later conceded that from where she was standing at the teller window she would have been unable to see whether Mr. Hill's hands were in his coat pocket. But she also testified that she was able to see his hands moving toward his coat pocket. Moreover, the still photos do not cover the entire duration of the robbery, only a few seconds. Thus, Mr. Hill's sweeping assertion that the photos disprove Ms. Orozco's testimony concerning the gun is a gross overstatement. Most importantly, though, this argument requires this court to reassess and reweigh the evidence, which we may not do. *United States v. Moore*, 115 F.3d 1348, 1364 (7th Cir.1997). The task of determining the credibility of the witnesses and evaluating the evidence belongs to the trier of fact, not the appellate court. *Id.* Apparently, the jury decided to believe Ms. Orozco's testimony that she thought Mr. Hill had a gun in his pocket and another witness' testimony that she saw Mr. Hill's hand moving inside his coat pocket. Mr. Hill's attack on Ms. Orozco's credibility cannot carry his sufficiency of the evidence challenge. *United States v. Griffin*, 84 F.3d 912, 927 (7th Cir.1996).

## Conclusion

Accordingly, as there is ample evidence to support the jury's determination that the government proved the intimidation element of the bank robbery charge, we affirm.

AFFIRMED