In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-1970

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

A.J. GANT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 CR 20043—**Michael P. McCuskey**, *Chief Judge.*

ARGUED DECEMBER 8, 2004—DECIDED FEBRUARY 1, 2005

Before FLAUM, *Chief Judge,* and POSNER and SYKES, *Circuit Judges.*

FLAUM, *Chief Judge.* Following a two-day trial, a jury convicted defendant-appellant Alfred James Gant of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Gant was sentenced to 188 months' imprisonment and four years of supervised release, and now appeals his conviction. For the reasons stated herein, we affirm.

## I. Background

On May 19, 2001, Gant was involved in a confrontation with his daughter Angelia Gant and a neighbor named Daniel Clark. Gant had allowed Angelia to live in an apartment he owned on Church Street in Champaign,

Illinois, free of rent, provided that she abstain from using drugs and not permit others to loiter on the property. Gant went to Church Street on May 19 to tell Angelia that he was evicting her for failing to comply with these conditions. At trial, the government presented testimony of several eyewitnesses who testified that during the confrontation that ensued, Gant struck both Angelia and Clark with a gun. Angelia testified that Gant struck her on the face with an object approximately three inches long. Clark testified that Gant struck him with a hard metal object, and that he then looked up and saw Gant holding a revolver. Another neighbor, Glenn Seay, testified that he was sitting on his front porch directly across the street and saw Gant strike Angelia with a gun. Police officer Jay Warran also testified that when he responded to the scene, he saw Gant walking down the street carrying a pistol and then observed him drop it in the grass nearby.

Gant testified at trial that he used a lead pipe, not a firearm, in these confrontations. He also called his girl-friend, Ruby Rodriquez, who testified that on the day of the incident, after receiving a call from Gant, she went to Church Street to search the area and found a lead pipe in the grass.

## II.  Discussion

### A.  Evidence of Neighborhood Drug Activity

Gant's primary argument on appeal is that the district court abused its discretion in excluding evidence of drug activity in the neighborhood and his efforts to combat it. He contends that Angelia and Clark had a motive to lie in their testimony at trial because they resented Gant's anti-drug activity and wanted to get rid of him. Gant asserts that the jury should have been permitted to hear any evidence that could affect the witnesses' credibility and that the exclusion of this evidence of bias against him was particularly

damaging because the government's case rested almost entirely on eyewitness testimony. Moreover, Gant argues, this evidence would have provided background to explain what he was doing in the neighborhood and why he engaged in altercations with Angelia and Clark.

The district court initially granted the government's motion in limine to exclude evidence of Gant's anti-drug activity in the neighborhood, finding it irrelevant to the question of whether he possessed a firearm on the date in question. The court later modified its order in response to a written offer of proof by Gant and specifically allowed evidence of Gant's eviction of Angelia and his altercation with Angelia and Clark on May 19, 2001. The court, however, declined to allow other general evidence of drug activity in the area or evidence of Clark's prior arrests for possession of narcotics.

We review the district court's decision to exclude evidence for abuse of discretion and will reverse the court's ruling only if no reasonable person could agree with it. *United States v. Richeson*, 338 F.3d 653, 661 (7th Cir. 2003). Recognizing that the balancing of probative value and prejudicial effect is a highly discretionary exercise, we give the district court's evidentiary decisions great deference. *Id.*

Gant argues that his proffered testimony was relevant to the ultimate question of whether he possessed a gun, but he provides no support for this contention. As the district court correctly noted, in order to prove the offense charged, the government had to show that Gant: (1) had been convicted of a crime punishable by a prison term exceeding one year; and (2) knowingly possessed a firearm (3) that traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Lane*, 267 F.3d 715, 717 (7th Cir. 2001). The evidence Gant sought to introduce was irrelevant to whether he possessed a firearm. *See id.* at 720 (finding inadmissible defendant's proffered evidence that he did not

intend to exercise control over the gun because that was not relevant to the question of whether he held the gun).

Moreover, contrary to Gant's argument, the district court did not exclude evidence of Angelia's and Clark's bias. Gant was permitted to elicit testimony regarding Angelia's eviction from Gant's apartment and the reasons for it. In addition, he was able to impeach her with her two prior drug convictions and her prior inconsistent statements concerning whether Gant struck her with a firearm. Gant was also permitted to elicit testimony from Clark about their ongoing dispute regarding Clark's loitering around Angelia's apartment. He also impeached Clark with his prior inconsistent statements concerning Gant's possession of a firearm. The district court did not abuse its discretion in excluding other evidence proffered by Gant about general conditions in the neighborhood.

## B.  Prior Conviction

Gant also contends that the district court abused its discretion in admitting his prior conviction for impeachment purposes. Of Gant's three prior convictions, only the third was admitted into evidence—a 1986 conviction for possession of a controlled substance with intent to distribute. Gant was sentenced to twenty years' imprisonment for this conviction and was discharged from parole on October 14, 1995, eight years prior to trial.

Again, we review for abuse of discretion. *United States v. Redditt*, 381 F.3d 597, 600-01 (7th Cir. 2004). Federal Rule of Evidence 609 provides that evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The Rule further provides:

**(b) Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Fed. R. Evid. 609(b).

In determining whether the probative value of admitting a prior conviction outweighs its prejudicial effect, the court should consider: "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the defendant's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue." *Rodriguez v. United States*, 286 F.3d 972, 983 (7th Cir. 2002) (quoting *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997)).

Gant argues that the prejudicial effect of this conviction outweighs its probative value because the conviction was remote in time and did not involve a crime of dishonesty. He also claims that the district court failed to consider adequately his history as a productive member of society following his release from prison in 1995.

Considering all the evidence presented at trial, the district court did not abuse its discretion in allowing the government to impeach Gant with evidence of his prior conviction. This conviction was within the ten-year limit set

forth in Rule 609(b). Moreover, given Gant's theory of the case, his credibility was a crucial part of the trial. Gant's testimony that he possessed a pipe, not a firearm, directly contradicted the testimony of government witnesses Daniel Clark, Glenn Seay, and Officer Warran. The district court did not abuse its discretion in admitting Gant's prior conviction for impeachment purposes. *See Smith*, 131 F.3d at 687 (holding that district court did not abuse its discretion in admitting defendant's prior convictions where defendant's testimony directly contradicted that of other witnesses, making the credibility issue central).

## C. Missing Witness Instruction

Finally, Gant argues that the district court erred in declining to give a "missing witness instruction." At the jury instruction conference, Gant's counsel requested an instruction regarding the government's failure to call Lintez Motley, an individual who was purportedly with Daniel Clark during the events in question. Gant's requested instruction read as follows:

> It was particularly within the power of the government to produce Lintez Motley who could have given material testimony on an issue in the case. The government's failure to call Lintez Motley may give rise to an inference that his testimony would be unfavorable to it. You should bear in mind that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The district court declined to give this instruction, noting that it is disfavored within the Circuit.[1] The court also

---

[1] The Committee on Federal Criminal Jury Instructions provided

(continued...)

observed that Motley was a private individual who appeared on both the government's and Gant's witness lists, and therefore was not exclusively within the power of the government to produce. Gant argues that the district court erred in declining to give this instruction because "defendants are generally without the significant resources available to the government with respect to criminal prosecutions and trials."

"To establish entitlement to a missing witness instruction, a defendant must prove two things: first, that the absent witness was peculiarly within the government's power to produce; and second, that the testimony would have elucidated issues in the case and would not merely have been cumulative." *United States v. Valles*, 41 F.3d 355, 360 (7th Cir. 1994) (citations omitted). The district court has broad discretion in determining whether to give this instruction. *Hoffman v. Caterpillar, Inc.,* 368 F.3d 709, 716 (7th Cir. 2004); *Valles*, 41 F.3d at 360.

Gant asserts that an individual is more likely to respond to a summons from the government than from a criminal defendant. He has not contended, however, that he attempted to subpoena Motley as a witness nor has he offered a satisfactory explanation for failing to do so. Gant has not established that Motley was "peculiarly within the government's power to produce," and the district court did not err in declining to give the missing witness instruc-

---

(…continued)

the following Comment with this instruction: "It is the view of the Committee that a missing witness instruction should not be given." Seventh Circuit Pattern Jury Instr. 3.24 (1999). "For the unusual circumstances where the court might find it appropriate," the Committee recommended that the court use the language requested by Gant. *Id.*

tion. *See United States v. Huels*, 31 F.3d 476, 480 (7th Cir. 1994) (holding that district court did not err in refusing to give a missing witness instruction where the defendant "was free to subpoena [witness] if he wished to elicit his testimony").

### III.  Conclusion

For the foregoing reasons, the conviction is AFFIRMED.


A true Copy:

      Teste:


                     _____
                     *Clerk of the United States Court of Appeals for the Seventh Circuit*