NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 16, 2010
Decided November 29, 2010

*Before*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-1349

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 1:07-cr-00204 |
| MICHAEL LOCK, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Michael Lock and nine other individuals devised and executed a scheme to obtain money from mortgage lending institutions by submitting fraudulent loan applications to these companies. Lock and his co-conspirators identified distressed properties that they could purchase cheaply and obtained appraisals that misrepresented the actual condition of the properties, inflating their value well beyond their market worth. Lock would then prepare applications for loans to purchase these properties, paying individuals to serve as straw buyers and falsifying their employment records, rent histories and other documents. Once a lending institution had approved a loan in the amount of the inflated price, Lock and the co-conspirators would purchase the properties at market value and divvy the excess funds among themselves. Lock paid the mortgages on some of these properties for just enough time to prevent the lenders from being able to rescind the loans, eventually allowing all of the loans

to go into default. Lock and his peers used this scheme to purchase at least 24 different properties, which resulted in Lock's benefitting to the tune of approximately $250,000 and causing nearly 1.5 million dollars in losses for the lenders.

Eventually, the police caught on to the mortgage fraud scheme and arrested Lock and his co-conspirators for committing acts of wire fraud in violation of 18 U.S.C. §§ 1342-43. While all of Lock's co-defendants entered into plea agreements, the charges against Lock proceeded to a jury trial on December 1, 2008. Seven days later, the jury found Lock guilty of all nine counts of wire fraud that had been submitted for a verdict. On February 5, 2010, the district court sentenced Lock to 160 months of imprisonment for each count of his conviction, with each sentence to be served concurrent to the others. The court further ordered that 60 months of this term would be served concurrently to time Lock was serving for unrelated state convictions, with the remaining 100 months to be served consecutively. Finally, the court ordered that Lock serve 3 years of supervised release, pay $900 in special assessments and$1,458,823.47 in restitution.

Lock appeals from his conviction and sentence, asserting that the trial court committed numerous errors during his jury trial and his sentencing hearing. First, he alleges that the district court improperly admitted various lending documents as self-authenticating business records. Second, he claims that the district court erred by reading the majority of the 24-paragraph indictment to the jury during its final instructions. Third, Lock argues that it was improper for the district court to find that he was an organizer or leader of a criminal activity involving five or more participants and to enhance his sentence in accordance with U.S.S.G. § 3B1.1. Fourth, Lock contends that the district court failed to adequately consider the 18 § 3553(a) factors when deciding his sentence.

We reject Lock's contention that the district court erred by admitting the contents of the lending institutions' loan files pursuant to Fed. R. Evid. 902(11). We review a district court's ruling on the admissibility of documents as business records under an abuse of discretion standard. *United States v. Franco*, 874 F.2d 1136, 1138 (7th Cir. 1989). The documents at issue included residential loan applications, appraisals, offers to purchase, verifications of rent and employment and other documents related to the mortgage loan applications that Lock submitted to the lending institutions. The United States provided written declarations by qualified custodians stating that the records met the foundational requirements set forth in Rule 902(11). Additionally, the record shows that the United States complied with 902(11)'s provisions concerning notice and making the documents available for inspection prior to trial. Lock's main argument against admitting the records consists of several conclusory allegations–that the lenders were complicit in the scheme and that the records lacked the required level of trustworthiness. Given the lack of factual support for these claims, the district court did not abuse its discretion in rejecting them. The district court was also correct in finding that Lock's only other argument–that the records should not have been admitted because the lending institutions did not create them–was faulty, as it was based on an interpretation of Rule 902(11) that this court has rejected. *See, e.g., United States v. Keplinger*, 776

F.2d 678, 694 (7th Cir. 1985) (stating that parties seeking to admit a document under Rule 902(11) do not have to be responsible for the creation of a document). Whether a party submitting a document as a business record is also the creator of the document is particularly irrelevant in situations such as this one, where the records are not being introduced to prove the truth of the information set forth in them, but merely to prove that a party received documents that contained certain representations.

Lock's second argument also fails. Even if it were erroneous for the district court to read a 24-paragraph long recitation of the factual allegations contained in the indictment to the jury, it is unlikely that this inclusion had a prejudicial effect because the district court specifically warned the jurors that "the indictment in this case is the formal method of accusing the defendant of a crime . . . [i]t is not evidence against the defendant and does not create any inference of guilt." A warning of this type was sufficient to ameliorate any possible prejudice. *See, e.g., United States v. Hephner*, 410 F.2d 930, 934 (7th Cir. 1969) (holding that a similar warning cured prejudice caused by providing a copy of the indictment to the jury during deliberation). Second, Lock's allegations of prejudice are entirely generic and lack evidentiary substantiation. Such allegations are insufficient to establish that Lock suffered actual prejudice, which is a prerequisite for reversal of the district court's decision. *United States v. Smith*, 131 F.3d 685, 688-89 (7th Cir. 1997).

Lock's objections to his sentence fare no better than his challenges concerning his trial. We review a district court's factual finding that a defendant was an organizer or leader for clear error, *United States v. Mijangos*, 240 F.3d 601, 604 (7th Cir. 2001), and will overturn the district court's finding "only if, after reviewing the entire evidence, [this court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Carrera*, 259 F.3d 818, 826 (7th Cir. 2001). The record establishes that the district court was presented with evidence establishing that Lock possessed all of the organizer/leader qualities listed in the Guidelines and that Lock failed to adequately rebut this evidence. Hence, the trial court did not commit a clear error when it determined that this sentence enhancement applied to Lock's criminal activities.

Finally, we reject Lock's claim that the sentence imposed by the trial court was unreasonable. First, because the sentence imposed by the judge was within the range set forth in the Guidelines, it is entitled to a presumption of reasonableness. *United States v. Panaigua-Verdugo*, 537 F.3d 722, 727 (7th Cir. 2008). Second, a review of the sentencing hearing transcript shows that the sentencing judge properly considered the facts of Lock's case and all of the § 3553(a) standards when making his sentencing decision. Lock's various claims about how his sentence does not adequately take into account the sentences he is already serving for wholly unrelated crimes and fails to acknowledge other parties' roles in the mortgage fraud scheme do not provide us with sufficient grounds to find the district court's sentence unreasonable.

**AFFIRMED**