NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 30, 2013[*]
Decided June 5, 2013

## Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

<table>
<tr>
<td>

No. 12-2740

JOSHUA T. HOWARD,
    *Plaintiff-Appellant*,

*v.*

BYRON TERRY, *et al.*,
    *Defendants-Appellees.*

</td>
<td>

Appeal from the United States District Court for the Eastern District of Wisconsin.

No. 05-C-635
William E. Callahan, Jr.,
*Magistrate Judge.*

</td>
</tr>
</table>

## Order

Joshua Howard, a Wisconsin inmate, brought this suit under 42 U.S.C. §1983, alleging violations of the First, Eighth, and Fourteenth Amendments, and state law. A magistrate judge, presiding by consent, see 28 U.S.C. §636(c), granted summary judgment against Howard on most claims; only the Eighth Amendment claims against two defendants, Deputy Byron Terry and Sheriff David Clarke, went to trial. A jury found in favor of Terry and Clarke.

After a court appearance in 2004, deputies Thomas McCormack and Terry escorted Howard and three other inmates back to the Milwaukee County Jail. Terry handcuffed

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

the inmates to a belly chain and told them not to speak in the hallways. Howard spoke anyway, and Terry admonished him to remain silent, using force. The severity of that force is disputed. Howard filed a grievance, and Nurse Myra Lathrop examined injuries that Howard blamed on Terry. Lathrop thought that one bruise looked old, but Howard insisted that it was fresh.

While waiting for action on this grievance, Howard submitted another, this time to Deputy Brian Thelaner, complaining about what Howard deemed undue delay in ruling on the first grievance. The next day Thelaner and other guards searched Howard's cell, left it in disarray, and confined him to his cell for the next 23 hours. Thelaner explained that another inmate in Howard's pod was reported to be hiding contraband (ballpoint pens), so two sergeants and ten deputies searched all 28 cells in that pod, including Howard's. After the search, Thelaner told Howard that a guard found matches in Howard's cell, leading to the 23-hour confinement. Howard denied having matches and asked to see them. Thelaner responded that other deputies had taken them away and added: "if you don't like it, file another grievance."

Howard challenges as a violation of the Eighth Amendment the force used at the courthouse, suing Terry and Sheriff Clarke (the latter, for failing to recognize that Terry was inclined to violence). He also challenges as a violation of the First Amendment his 23-hour confinement, arguing that Thelaner retaliated for the grievance against Terry. The district court granted summary judgment to all defendants on all claims except the excessive-force claims against Terry and Clarke.

Howard's notice of appeal named only Terry and Clarke as appellees and identified for review only post-trial orders. His appellate brief, however, asks us to upset the awards of summary judgment to Terry, Clarke, and Thelaner. An appeal from a final judgment presents all antecedent orders, so a challenge to the summary-judgment rulings is possible. See *United States v. Segal*, 432 F.3d 767, 772 (7th Cir. 2005); *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 682 (7th Cir. 1990).

The omission of Thelaner's name from the notice of appeal also does not affect the availability of review. The Supreme Court in *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988), construed Fed. R. App. P. 3(c) to require every appellant's name to appear in the notice of appeal. The Court did not hold that every appellee's name also must be listed. Rule 3(c) is limited to appellants, and after *Torres* we held that the Supreme Court's decision likewise is limited to naming appellants. *House v. Belford*, 956 F.2d 711, 717 (7th Cir. 1992). Accord, *United Auto Workers Union v. United Screw & Bolt Corp.*, 941 F.2d 466, 471 (6th Cir. 1991); *Longmire v. Guste*, 921 F.2d 620, 622 (5th Cir. 1991); *Battle v. District of Columbia*, 854 F.2d 1448, 1450 (D.C. Cir. 1988); Charles Alan Wright, Arthur R. Miller, Edward T. Cooper & Catherine T. Struve, 16A *Federal Practice & Procedure* §3949.4 at 140–41 (4th ed. 2008). Rule 3(c) says that the notice of appeal must identify the judgment appealed from, not that it must identify the appellees. Howard identified the final judgment in the case; no more is required.

On the merits, we start with Howard's argument that the court should not have granted summary judgment to Thelaner. To create a triable case of retaliation, a plaintiff needs evidence that a protected activity—such as filing grievances—was "at least a motivating factor" in adverse action. See *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Howard presented no evidence that anyone but Thelaner knew about his grievance, so the judge properly dismissed the retaliation claim against all of the other deputies. And although Thelaner knew about the grievance, a reasonable jury could not infer that it motivated his actions.

If Thelaner had set out to discourage grievances, he could hardly expect to accomplish his end by increasing, by a few hours in a single day, the time a prisoner spends in his cell. Confining a prisoner for 23 hours in his cell on a single day is the equivalent of sending a high school student to study hall for running in the corridors. An adjustment in the number of cell-bound hours for a single day affects neither liberty nor property; indeed, it is difficult to see how this trivial act could support an award of damages. A jury might sensibly infer that Thelaner did not like prisoners who filed grievances, but the record could not support an inference of retaliation. Howard has tried to make a mountain out of a molehill. He might as well complain that Thelaner sneered at him while passing in the corridor.

Howard next argues that the magistrate judge erred by dismissing at summary judgment his state-law claim against Terry for intentional infliction of emotional distress. We agree with the judge that Howard failed to create a genuine dispute on the question whether Terry intended to cause him emotional distress, an element of the tort in Wisconsin. See *Rabideau v. City of Racine*, 627 N.W.2d 795, 802–03 (Wis. 2001); *Alsteen v. Gehl*, 124 N.W.2d 312, 318 (Wis. 1963). Howard asserts that Terry "was fully aware" that his method of ending Howard's disobedience (pushing him up against a wall, perhaps violently) would hurt and humiliate him, but awareness alone is insufficient: Howard needed to submit evidence that "the conduct was engaged in for the purpose of causing emotional distress." *Rabideau*, 627 N.W.2d at 803. He did not.

That brings us to the trial. Howard begins by contending that the judge made two evidentiary errors. First, Howard argues that the judge should not have allowed Terry to impeach Howard with his 17 prior felony convictions, all older than 10 years. Fed. R. Evid. 609 generally excludes convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." The judge properly relied on the "whichever is later" clause: Howard is still serving his sentences for these 17 convictions. Howard contradicted Terry's account of the incident, so his credibility was at issue, and the judge did not abuse his discretion by allowing his impeachment. See *United States v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005); *United States v. Smith*, 131 F.3d 685, 687 (7th Cir. 1997). The judge allowed the jury to learn only the number of felony convictions; he kept the jurors from learning their nature—including first-degree sexual assault of a child and solicitation of a child for prostitution. Howard has no legitimate complaint about these rulings

Second, Howard contends that he should have been permitted to impeach Terry by questioning him about the hit-and-run charge in 1999 and his false report that his car had been stolen. Rule 608(b) bars extrinsic evidence of conduct bearing on a witness's character for truthfulness but allows judges, subject to Rule 403, to permit cross-examination about it. See *Hollins v. City of Milwaukee*, 574 F.3d 822, 828–29 (7th Cir. 2009); *United States v. Holt*, 486 F.3d 997, 1002 (7th Cir. 2007). Terry was acquitted of the hit-and-run charge, so the magistrate judge reasonably concluded that the limited probative value of questioning him about the incident was outweighed by the danger of unfair prejudice. See *Hollins*, 574 F.3d at 829 (concluding that court was within its discretion to bar questioning about allegations of wrongdoing that were unproven).

Howard next raises two challenges to Terry's closing argument: He argues that counsel (1) falsely stated that Howard did not have medical records to substantiate his allegations of physical and psychological injuries, and (2) argued facts not in evidence by linking Howard's bruises to an alleged basketball injury, even though Howard testified that he does not play basketball and denied telling Nurse Lathrop otherwise. But Howard forfeited these points by failing to object when counsel made his argument. See *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008); *Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008).

Finally Howard contends that the verdict in favor of Terry is against the manifest weight of the evidence. The testimony at trial required the jury to choose between two stories. Terry testified that he warned Howard at least three times to stop talking in the courthouse hallway, and that only after Howard continued to disobey did he move Howard to the wall, never using force that could cause injuries. Howard, on the other hand, testified that he was "slammed" against the wall and severely injured. The jury weighed the conflicting testimony and believed Terry's version of the events. See *Whitehead v. Bond*, 680 F.3d 919, 928 (7th Cir. 2012); *United States v. Hassebrock*, 663 F.3d 906, 920 (7th Cir. 2011). Live testimony by a participant in the events is quite enough to support the verdict.

AFFIRMED