**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bennie L. BERRY, Defendant– Appellant.**

**No. 00–2646.**

United States Court of Appeals, Seventh Circuit.

Argued April 9, 2001.

Decided Aug. 22, 2001.

Before Hon. POSNER, Hon. TERENCE T. EVANS, Hon. WILLIAMS, Circuit Judges.

## ORDER

Bennie L. Berry was convicted of attempted robbery, a violation of 18 U.S.C. § 2113(a). He appeals his conviction, arguing that there was insufficient evidence of intimidation to support the jury's verdict and that he was denied effective assistance of counsel at trial. We find that both of his claims are without merit and therefore affirm his conviction.

The following facts were adduced at trial. Berry walked into First National Bank of Blue Island, Illinois and asked a bank employee, Lisa Herrera, where he should go to conduct a banking transaction. Berry then walked over and stood in the commercial account teller line. Herrera realized that Berry misunderstood her directions, and she redirected him to the individual account line before walking to the back of the bank, an area hidden from public view.

Berry moved to the individual account line, and Bernadette Funches waived him down to her window.[1] He approached

---

1. Funches was unable to identify Berry at trial but Herrera identified him in open court.

Funches's window and handed her a demand note that stated "$1,000 right now and no one will get hurt." Before Funches had an opportunity to read the note (Berry handed the note to her upside down), he whispered to her that if she gave him the money she wouldn't get hurt. Funches was "stunned" by his comment and moved away from the counter, clinching the note. Berry attempted to snatch it back from her but was unsuccessful. He then turned away and walked casually out of the bank. One of the bank's security cameras took photographs of him as he exited the bank.

Approximately one month later, Berry was arrested for the attempted robbery. He was later convicted based on Herrera's testimony and other evidence presented at trial. Berry appeals his conviction, arguing that there was insufficient evidence of intimidation to support the jury's verdict and that he was denied effective assistance of counsel.

### A. Intimidation

18 U.S.C. § 2113(a) prohibits the taking and attempted taking "by force and violence, or by intimidation" of a bank's property. Berry did not use "force and violence" but was convicted of attempted robbery by intimidation. In reviewing his challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the government. *United States v. Clark,* 227 F.3d 771, 774 (7th Cir.2000). We will reverse only if no rational trier of fact could have found intimidation beyond a reasonable doubt. *Id.* Based on our reading of the record, we believe that Berry's verbal demand for money ("give me the money and you won't get hurt"), together with Funches's feelings of fright, described below, are sufficient to support the jury's verdict.

■ To attempt to rob a bank "by intimidation" is to say or do something in a way that is reasonably calculated to place an ordinary person in fear that any resistance on his part would be met with physical force. *Id.; United States v. Waldon,* 206 F.3d 597, 606 (6th Cir.2000) (internal citations omitted); *United States v. Baker,* 17 F.3d 94, 96 (5th Cir.1994) (internal citation omitted). Stated from the victim's perspective, intimidation is present when the facts show that an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts. *United States v. Higdon,* 832 F.2d 312, 315 (5th Cir.1987).

■ Berry argues on appeal that because his actions "completely failed to intimidate Funches," his actions did not constitute intimidation under the statute. Berry's argument fails both as a factual and as a legal matter. As a factual matter, the record provides little support for his argument. He rests his argument, in part, on the fact that Funches testified that she was "stunned" rather than "frightened" by Berry's verbal demand. A person may become stunned in response to a number of events, some of which had the effect of frightening the person. *See* Webster's Third New International Dictionary 2270 (1986) (defining stunned as "shock[ed] or paralyze[d] [by a] strong emotional impression" or "overcome with astonishment or disbelief," among other things). Here, there is more than sufficient basis in the record for a factfinder to rationally conclude beyond a reasonable doubt that Funches was "stunned" as a result of being frightened. At trial, Funches testified that she did not press the silent alarm while Berry was standing at her teller counter because she "didn't think it was safe" for her to do so at that time. She also stated that, after Berry left the bank, her "heart was beating real fast," she was "shaking," and felt "nervous and fearful." A juror could rationally in-

terpret these statements as indicative of fear.

Berry points also to the fact that Funches held onto the demand note as proof that she was not intimidated by him. But there is evidence in the record supporting an alternate interpretation. Funches testified that she held onto the note as a reflex response. A reflex response can hardly be characterized as indicative of a lack of fear. Based on the totality of this evidence, the jury was entitled to believe that Funches was frightened.

■ As a legal matter, because we have defined intimidation according to an objective test (based on an ordinary person's reaction) rather than a subjective one (based on the individual teller's response), Funches's response is relevant only to the extent that it is indicative of whether an ordinary person would have felt intimidated. *See United States v. Hill,* 187 F.3d 698, 702 (7th Cir.1999). Viewing the evidence in the light most favorable to the government, a rational juror could have found objective intimidation beyond a reasonable doubt, *i.e.* that an ordinary person in Funches's position could have inferred a threat of bodily harm from Berry's actions. It would be reasonable for a teller to, and, arguably, unreasonable for a teller not to, understand from Berry's demand, "give me the money and you won't get hurt," that if she did not hand over the money she would get hurt. We, therefore, see no reason to set aside the jury's verdict.

### B. Ineffective Assistance of Counsel

■ Berry's second argument on appeal is that he was denied effective assistance of counsel when his trial attorneys (1) failed to move to suppress or otherwise object to teller Lisa Herrera's in-court identification of Berry and (2) introduced evidence of Berry's former addiction to crack cocaine. Although we usually do not hear ineffective assistance of counsel

claims on direct appeal, we will review these claims when the defendant requests and the record is sufficiently developed for us to judge the merits of the claim. *See United States v. Shukri,* 207 F.3d 412, 418 (7th Cir.2000). We review ineffective assistance of counsel claims de novo. *Id.* We hold that Berry's claim fails because he has not shown that he was prejudiced by his trial counsel's allegedly defective performance.

■ To prevail on his ineffective assistance of counsel claim, Berry must show that his attorney's performance fell below objective standards for reasonably effective representation and that the deficient performance prejudiced his defense. *Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). On the question of counsel's performance, we note that, contrary to Berry's assertion, there are some circumstances in which it may be reasonable for an attorney to introduce evidence of her client's former drug addiction. If, for example, a defendant lies to the police during his initial interrogation while under the influence of drugs, his attorney may reveal this fact to the jury in an attempt to explain away the defendant's lie and bolster the defendant's credibility. The defendant's drug addiction might also be relevant to the defendant's state of mind at the time he committed the crime and, therefore, could secure an acquittal. Berry is correct in stating that the introduction of a defendants's drug addiction may be prejudicial. *See, e.g., United States v. Galati,* 230 F.3d 254, 262 (7th Cir.2000) (holding that the admission of a government witness' unrelated prior drug conviction would have been prejudicial). His argument serves as a reminder that defense counsel must walk a thin line when presenting this type of evidence. But the introduction of this type of evidence is not always unreasonable. And we need not

decide whether it was reasonable for counsel to do so in this case because we conclude that Berry was not prejudiced. *See United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir.2001).[2]

A defendant is prejudiced if, but for counsel's errors, the outcome of his proceeding would have been different. *Id.* The government presented overwhelming evidence of Berry's guilt, including the bank's surveillance tape and expert testimony that the fingerprints found on the demand note were his. Certainly, with evidence of this sort presented against him at trial, Berry cannot now argue that he was prejudiced by any alleged defects in his trial counsel's performance. Because Berry cannot show that neither his trial counsel's failure to move to suppress or otherwise object to Herrera's in-court identification nor the introduction into evidence of Berry's former drug addiction affected the outcome of his trial, his ineffective assistance of counsel claim fails.

For these reasons, we AFFIRM his conviction.

---

**2.** We likewise need not decide whether it was reasonable for counsel not to move to suppress or to object to Herrera's identification.