**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0013n.06
Filed: January 7, 2008

**No. 07-5192**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ROBERT DEREK BELL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE: RYAN, BATCHELDER, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Robert Derek Bell was convicted by a jury of three counts of bank robbery in violation of 18 U.S.C. § 2113(a). The district court sentenced him to a total period of imprisonment of 262 months – at the top of, but within, the applicable Guideline range of 210 to 262 months. Bell now appeals, challenging the sufficiency of the evidence and the procedural reasonableness of his sentence pursuant to *United States v. Booker*, 543 U.S. 220 (2005). He further argues that the enhancement of his base offense level, taking into account his prior convictions and resultant career offender status under U.S.S.G. § 4B1.1, violates the Sixth Amendment. For the reasons set forth below, we affirm his judgment of conviction and sentence. In addition, we have considered the arguments raised in defendant's pro se supplemental brief and conclude that they lack merit.

I.

Three bank robberies occurred in the Memphis, Tennessee, area in May, June, and August of 2005. The robberies had similarities not only in modus operandi, but in the physical description of the suspects as well. In each instance, the robber presented a threatening note to the teller, demanded money, and guaranteed physical harm to the teller or other bank employees who failed to comply with his demand. Surveillance tapes, still photographs, and descriptions of the perpetrator from bank employees indicated consistently that the robber was a black male of small build, 5' 3" to 5' 6" tall, weighing approximately 120-150 pounds.

Immediately after the third robbery, a bank supervisor followed the suspect out of the bank and around the block. The bank employee and an off-duty police officer witnessed the suspect getting into a blue Ford Econoline van. The officer was able to get a description of the van, as well as the license number, and notified authorities. An alert was issued and shortly thereafter the van was spotted on a highway traveling away from the scene of the robbery. Responding officers stopped the van and arrested its two occupants – the driver and a passenger, defendant Bell. The officers recovered $3,580 in twenty dollar bills and items of clothing matching those worn by the robber from the van. Additional items of discarded clothing used in the robbery were found by authorities along the side of the road on the route taken by the van.

Defendant was ultimately implicated in all three bank robberies and, accordingly, was indicted and charged by a grand jury in a superseding indictment with three counts of bank robbery in violation of 18 U.S.C. § 2113(a). Defendant pleaded not guilty and proceeded to trial on

October 26, 2006.  Following a two-day trial, a jury found him guilty as charged on all three counts.

The district court sentenced Bell to 240 months of imprisonment on Counts 1 and 2; 22 months'

incarceration on Count 3, to run consecutively to the sentences imposed on Counts 1 and 2; 3 years

of supervised release on each count, to run concurrently; and restitution in the amount of $1,815.

A final amended judgment of conviction and sentence was entered on February 6, 2007.

II.

In his appeal, Bell first alleges that there was insufficient evidence to sustain his bank robbery

convictions under 18 U.S.C. § 2113(a).  In considering Bell's claim, we review the evidence in the

light most favorable to the government and draw all inferences in the government's favor in order

to determine whether any rational trier of fact could have found the elements of the offense beyond

a reasonable doubt.  *United States v. Craft*, 495 F.3d 259, 264 (6th Cir. 2007).

"To sustain a conviction under 18 U.S.C. § 2113(a), the jury was required to find that [Bell]

intentionally took money from another person, that the money was then in possession of a federally

insured bank or credit union, and that [Bell] took the money by force, violence, or intimidation."

*United States v. Sullivan*, 431 F.3d 976, 982 (6th Cir. 2005).

Bell acknowledges that "unequivocal written and verbal demands for money to bank

employees are a sufficient basis for a finding of intimidation under 18 U.S.C. § 2113(a)." *United*

*States v. Gilmore*, 282 F.3d 398, 403 (6th Cir. 2002).  He nonetheless urges this court to reconsider

its holding in *Gilmore*, on the ground that this decision improperly negates the government's

responsibility to prove an essential element of the offense – intimidation or the use of force.  Bell

further argues that there is inadequate evidence of this requisite element, particularly with regard to the first and third robberies.  His argument is without merit.

First, there is no need to revisit the sound principles of *Gilmore*.  "Intimidation in the context of 18 U.S.C. § 2113(a) is defined as an act by a defendant reasonably calculated to put another in fear, or conduct and words . . . calculated to create the impression that any resistance or defiance by the [individual] would be met by force." *United States v. Waldon*, 206 F.3d 597, 606 (6th Cir. 2000) (internal citation and quotation marks omitted); *United States v. Perry*, 991 F.2d 304, 310 (6th Cir. 1993).  "Whether intimidation under 18 U.S.C. § 2113(a) exists in a particular case is determined by an objective test:  whether an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts." *Gilmore*, 282 F.3d at 402.  "[E]vidence that 'the teller felt threatened is probative of whether a reasonable person would have been afraid under the same circumstances.'" *Id*. at 403 (quoting *United States v. Hill*, 187 F.3d 698, 702 (7th Cir. 1999)).  In the setting of a bank robbery, "[d]emands for money amount to intimidation because they carry with them an implicit threat:  if the money is not produced, harm to the teller or other bank employee may result.  Bank tellers who receive demand notes are not in a position to evaluate fully the actual risk they face." *Id*. at 402.  Consequently, "the display of a weapon, a threat to use a weapon, or even a verbal or nonverbal hint of a weapon is not a necessary ingredient of intimidation under § 2113(a)." *Id*.

The present circumstances are remarkably similar to those in *Gilmore*, where we held that the defendant's use of demand notes containing imperatives such as "[h]and over the money,"

followed up with commands such as "Give me that," "Hurry up," and "Now!" constituted sufficient proof of "intimidation" for purposes of § 2113(a). *Gilmore*, 282 F.3d at 402. *See also Waldon*, 206 F.3d at 606 (evidence that the defendant wore a mask over his face, ordered everyone in the bank to lie down on the floor and demanded money from the tellers was "exactly the type of behavior that is reasonably calculated to put other persons in fear and create the impression that resistance would be forcefully overcome. It is immaterial that Waldon did not brandish a weapon."); *Perry*, 991 F.2d at 310-11 (sufficient evidence of intimidation established where the defendant demanded money from a teller and opened his coat, implying that he had a weapon in his pocket, but never actually brandished a weapon.).

Here, there is abundant evidence of violence, force, or intimidation. In the first robbery, the demand note used by defendant and recovered at the scene stated, "This is a robbery and this is no joke. I want hundreds, fifties, twenties passed as if cashing a check. Do anything different, alert anyone and you will be shot in the face. Do it now. Warn the guard, I'll kill him." During the second robbery, defendant handed a note to the bank teller which, as she recalled, "asked me to give all of my hundreds and fifties and that if I did not do so or if I alerted anyone else, I would be shot in the face." The victimized teller in the third robbery testified that a man she later identified as defendant walked into the bank and presented her with a note stating, "This is no joke. You're being robbed." Each of the tellers testified that they were terrified by these confrontations. Under the circumstances, a rational trier of fact could certainly find that an ordinary person in the tellers'

positions would reasonably infer a threat of bodily harm from defendant's acts. *Gilmore*, 282 F.3d at 402.

There is no dispute that all of the banks were FDIC-insured. Moreover, the banks' security cameras recorded the robberies as they transpired and several still photographs of the suspects were made from the surveillance tapes. Bell did not wear a mask and was positively identified by all of the tellers, as well as other bank employees, including a supervisor and security officer. In short, this case falls neatly within the acceptable parameters proof of *Gilmore*. Bell's argument is therefore without merit.

III.

Bell next argues that the district court made "sweeping generalizations" in its consideration of the relevant sentencing factors under 18 U.S.C. § 3553, and, hence, his sentence was procedurally unreasonable pursuant to *United States v. Booker*, 543 U.S. 220 (2005). The record belies Bell's claim.

"After *Booker*, district courts have enhanced discretion in sentencing criminal defendants, and a sentence will be upheld on appeal as long as it is procedurally and substantively reasonable." *United States v. Brogdon*, 503 F.3d 555, 558-59 (6th Cir. 2007) (citing *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007)). We review the reasonableness of a sentence using the abuse-of-discretion standard of review. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). A rebuttable presumption of reasonableness is accorded to sentences that fall within a properly calculated Guideline range; therefore, it is incumbent upon a defendant to demonstrate otherwise. *Id*. at 559. This presumption,

however, does not relieve a sentencing court of its obligation to explain adequately its reasons for imposing a particular sentence. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Thus, from a procedural standpoint, although a district court need not explicitly recite the pertinent factors set forth in 18 U.S.C. § 3553(a) at sentencing, it must articulate its reasoning to a sufficient degree in order to allow for meaningful appellate review. *Brogdon*, 503 F.3d at 559. "[A] sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion." *Id.* (internal citation and quotation marks omitted).

At Bell's sentencing hearing, the district court determined that Bell's total offense level was 32 and his criminal history category was VI, based in part on his career offender status under U.S.S.G. § 4B1.1 for five prior felonies, all bank robberies. Defense counsel requested that Bell be sentenced at level 27, the appropriate level assuming that defendant was not a career offender. However, after considerable discussion of Bell's extensive criminal history and the government's request that defendant be sentenced at the upper end of the Guideline range, the district court deemed Bell's objection to his career offender status to be without merit and sentenced Bell to a total term of imprisonment of 262 months – at the top of, but within, the applicable Guideline range. The record shows that the district court properly calculated and considered the advisory Guideline range; the nature and circumstances of the offenses, including the traumatic effect upon the bank employees and their families; Bell's criminal history; the availability of alternative sentences; family issues; the proportionality of the sentence; and, finally, the deterrent effect of the sentence. The court wanted

to send the message that "if you rob eight banks, you're going to jail for as long as I can send you."[1]

Under the circumstances, Bell's sentence was procedurally and substantively reasonable.

IV.

Last, as Bell concedes, his argument that the district court's use of his prior convictions to enhance his sentence violates the Sixth Amendment has been soundly rejected by this court. "It is well settled in this Circuit that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), does not require the nature of prior convictions to be determined by a jury." *United States v. Craft*, 495 F.3d 259, 266 (6th Cir. 2007). *See also United States v. Bradley*, 400 F.3d 459, 462-63 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516, 524-25 (6th Cir. 2005). Bell's contention that the continued viability of this case law is questionable in light of Justice Clarence Thomas's concurring opinion in *Shepard v. United States*, 544 U.S. 13, 26-28 (2005), espousing a contrary viewpoint, has been expressly rejected by this court in *United States v. Hill*, 440 F.3d 292, 299 n.3 (6th Cir. 2006).

We therefore affirm defendant's judgment of conviction and sentence.

---

[1]As the presentence report indicates, defendant Bell has a propensity toward robbing banks. In 1988, he was convicted of fraudulently receiving unemployment benefits in South Carolina. While on probation for that offense, he robbed four banks in North Carolina within a two-month period in the fall of 1989. At the time of his arrest, he was also wanted on a bank robbery charge in Missouri. Thus, as the district court found, Bell clearly qualified for sentencing adjustment as a career offender.