In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-1574

ALFRED J. GANT, also known as
ALFORD JONES GANT, also known as
A.J. GANT,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 07-CV-2095—**Michael P. McCuskey**, *Chief Judge.*

ARGUED SEPTEMBER 17, 2010—DECIDED DECEMBER 10, 2010

Before POSNER, KANNE, and WOOD, *Circuit Judges*.

KANNE, *Circuit Judge.* Alfred Gant was found guilty of
one count of possession of a firearm by a felon in viola-
tion of 18 U.S.C. § 922(g)(1). Because Gant had at least
three prior convictions for a violent felony or a serious
drug offense, he was sentenced as an Armed Career
Criminal (ACC) to 188 months of imprisonment. After a

failed appeal and a successful collateral attack, Gant was resentenced to 180 months of imprisonment. Gant then filed a habeas corpus petition attacking the resentencing, this time arguing that his resentencing counsel was ineffective for failing to file a direct appeal at Gant's request and for not challenging his classification as an ACC. Gant also claimed that the district court erred when it resentenced him as an ACC because his civil rights were restored for his three prior violent felony convictions, making those convictions inapplicable for ACC purposes. The district court rejected Gant's claims, finding Gant neither showed that he directed his sentencing counsel to appeal nor met his burden to establish that his rights were restored. After the district court granted him a certificate of appealability, Gant timely appealed. Because we agree that Gant failed in his evidentiary burdens, we affirm.

## I. BACKGROUND

The procedural history of this case is extensive. We will provide a brief overview of the case before proceeding to the facts relevant to Gant's current appeal.

In 2003, Gant was found guilty of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Because Gant had at least three prior convictions for a violent felony or a serious drug offense, the district court concluded that Gant qualified as an ACC and sentenced him to 188 months of imprison-

ment.[1] Gant appealed his conviction to this court, claiming that numerous trial errors tainted the guilty verdict. We affirmed his conviction in *United States v. Gant*, 396 F.3d 906 (7th Cir. 2005).

Gant then filed a habeas motion pursuant to 28 U.S.C. § 2255. Gant argued his counsel was ineffective for failing to challenge the convictions underlying his classification as an ACC and for failing to raise a *Booker* issue in his appeal. Gant also claimed the district court erred when the court, rather than the jury, made the factual determination regarding his prior convictions. While the district court rejected most of his claims, the court agreed with Gant that his appellate counsel was ineffective for not raising a *Booker* challenge. To remedy this deficiency, the district court ordered Gant resentenced and appointed him new counsel for resentencing.

On August 25, 2006, the district court held a resentencing hearing and reduced Gant's sentence to 180 months. Gant did not bring any objections at the resentencing hearing, nor did he appeal following the amended judgment. Only on December 4, 2006, over three months after his resentencing, did Gant file a notice of appeal. We dismissed the appeal as untimely pursuant to Fed. R. App. P. 4.

Gant then brought another habeas motion under 28 U.S.C. § 2255, the subject of his current appeal. In his

---

[1] Gant's prior convictions used as predicates for ACC classification include a 1970 armed violence conviction, a 1974 aggravated battery conviction, a 1978 aggravated battery conviction, and a 1985 drug conviction.

motion, Gant argued that the district court erred when it resentenced him as an ACC. Because he received a rights restoration letter from the Illinois Department of Corrections, Gant claimed that his three prior violent felony convictions could not be counted for ACC purposes. With those convictions removed from the ACC calculation, he had only one prior drug conviction as a properly countable offense, leaving him two shy of the three necessary for sentencing as an ACC. To prove this, Gant offered a letter, purportedly from the Illinois Department of Corrections, which stated that Gant's rights to hold constitutional offices and licenses were restored. Gant also claimed his resentencing counsel was ineffective for failing to challenge his ACC classification and for not filing an appeal after Gant requested he do so. The district court, under the reasonable impression that Gant was challenging his initial sentencing, dismissed the motion as successive. On appeal, we vacated the district court's judgment and remanded the case to the district court for a second look, holding that Gant's second motion was not successive because it related to errors at the recent resentencing hearing.

After the case was remanded, the government filed a response to Gant's motion, questioning the authenticity of Gant's restoration letter and moving for an evidentiary hearing. Gant then sought to correct his § 2255 motion. In his revised motion, he claimed the letter he proffered was not a photocopy of the actual letter (because there was no available photocopier at the prison), but a "manual reproduction." Gant then attached another letter to the revised motion. He claimed this letter was the one

he actually received from the Department of Corrections. Gant also attached a blurry document from the Illinois Prisoner Review Board, which suggested that his citizenship rights were restored. Gant continued to challenge the treatment of all three of his prior violent felony convictions, but not his conviction for the drug offense.

Judge McCuskey held an evidentiary hearing to evaluate Gant's letter and to hear other evidence relevant to his ineffective assistance of counsel claims. At the hearing, Gant testified that he received the Illinois Department of Corrections restoration letter sometime in 2001 and that it was the only document he received regarding his civil rights. Gant also offered another copy of the restoration letter at the hearing, one he claimed was signed by a parole staff member. After he received the restoration letter in 2001, Gant testified that his girlfriend, Ruby Rodriguez, took the letter to the parole office and had it signed by an office assistant. Gant also testified to acts that he took after allegedly receiving the Department of Corrections letter, such as registering to vote, which he claimed corroborated his belief that his rights were restored. Rodriguez offered similar testimony. Finally, Gant conceded that he had never been sent the Prisoner Review Board document, and that he obtained it in the course of preparing his habeas motion.

Various state employees also testified at the hearing about Gant's offers of proof. Kevin Heard, a technician at the Illinois Department of Corrections, testified the

restoration letters are form letters with characteristic spacing and formatting. The letters state that the offender's rights to hold licenses and office are restored, and are typically signed and mailed to the parolee's last known address. Heard testified that standard practice was to send a letter, but because the Department did not keep a list of letters sent or copies of the actual letters, he could not verify that a letter was generated, signed, sent, or received. Heard then inspected Gant's proffered letters and, based on inconsistencies between the letters themselves and between the letters and the Department template, concluded that they were not authentic. Kevin Tupy, of the Illinois Prisoner Review Board, also testified, stating that the Board document was not sent to Gant, and that the "citizenship" language did not confirm that all of his rights were restored.

The district court also heard testimony concerning Gant's statements to his resentencing counsel. Gant claimed he had met with his counsel once before the resentencing hearing and advised him that his civil rights had been restored as to some of his prior convictions. Gant went on to concede that he had not provided any documents to counsel and had not asked him to investigate further. Gant also stated that he had told counsel that he wanted to appeal the resentencing order. Gant's counsel then testified. He reported that he did not recall Gant ever bringing up restoration of rights. He also stated that he and Gant discussed the possibility of filing an appeal, but after he advised Gant that there were no meritorious issues to bring,

Gant decided not to appeal and did not direct him otherwise.

The district court denied Gant's § 2255 motion, holding Gant did not meet his burdens of proof to show that he ordered his counsel to appeal or that his civil rights were restored. The court then granted Gant a certificate of appealability regarding his ACC classification and his ineffective assistance of counsel claims. Gant timely appealed.

## II. ANALYSIS

Gant argues that the district court erred in denying his § 2255 motion to vacate, set aside, or correct his sentence. Upon a denial of a § 2255 motion, we review the district court's findings of fact for clear error and its rulings of law *de novo*. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

Gant first claims his resentencing counsel was ineffective for failing to file a direct appeal at Gant's request. When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel. *Kafo v. United States*, 467 F.3d 1063, 1069 (7th Cir. 2006). To succeed on such a claim, however, a defendant must show that he actually requested his attorney file an appeal. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994) (" 'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

At the evidentiary hearing, the district court heard testimony from Gant and his resentencing counsel, Henry Welch, to determine whether Gant made such a request. Gant testified that he told Welch he wanted to appeal following the resentencing. He also pointed to Welch's statements during the resentencing hearing, where Welch informed the court that he needed to preserve certain issues at Gant's behest. Welch then testified, stating that Gant never ordered him to appeal. Welch claimed that the two discussed the matter after the hearing, but after he told Gant that there were no meritorious issues to appeal, Gant seemed to understand and agreed not to appeal. Believing Welch's account more credible than Gant's, the district judge found that Gant had never made a request for Welch to appeal and, as such, that Gant's ineffective assistance claim lacked merit.

We note that a district court's credibility findings are entitled to "exceptional deference" and should be overturned only when they are clearly erroneous. *Tezak v. United States*, 256 F.3d 702, 715-16 (7th Cir. 2001). Gant argues the district court's findings were incorrect because Welch made statements at the evidentiary hearing where he attempted to preserve certain issues at Gant's request. Gant claims that this, coupled with his own testimony, proves he wanted to appeal and specifically directed Welch to do so. But the highly experienced district judge heard that evidence, weighed it against Welch's account of events, and ultimately found Welch's testimony more credible. Gant now asks us to reevaluate the district judge's credibility determination, but a "credibility determination is not a basis

for appellate review." *See United States v. Burke*, 125 F.3d 401, 404 (7th Cir. 1997). Because Gant has failed to meet his burden to show that he requested Welch to file an appeal, this ineffective assistance of counsel claim lacks merit.

Gant next claims his appellate counsel was ineffective for failing to investigate and challenge his ACC classification. To establish ineffective assistance of counsel, Gant must show that his counsel was deficient and that this deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bednarski v. United States*, 481 F.3d 530, 535 (7th Cir. 2007). A failure to establish either deficience or prejudice is fatal to Gant's claim. *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996).

To show prejudice, Gant argues that he was erroneously classified as an ACC pursuant to 18 U.S.C. § 924(e)(1) and that his attorney's failure to challenge that status harmed him at resentencing. Under § 924(e)(1), a defendant convicted of being a felon in possession of a firearm must be sentenced to a minimum of fifteen years' imprisonment if the defendant has at least three prior convictions for a violent felony or a serious drug offense. But a "prior conviction" does not include a conviction for which civil rights have been restored, unless "the restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20).[2]

---

[2] The statute does not appear to contemplate restoration of rights for serious drug offenses. Only a "crime punishable by

(continued...)

We have described the exclusion in 18 U.S.C. § 921(a)(20) as an "anti-mousetrapping provision." *Buchmeier v. United States*, 581 F.3d 561, 566 (7th Cir. 2009) (en banc). The provision prevents a felon from being lulled into a false sense of security by a state notice that purports to restore his rights without limitation, only to have those same convictions later used for federal sentencing enhancement purposes. *See United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005); *United States v. Erwin*, 902 F.2d 510, 512-13 (7th Cir. 1990). To exclude a conviction from counting as an ACC predicate, however, a defendant must show, by a preponderance of the evidence, that his rights were restored. *Vitrano*, 405 F.3d at 509.

To meet this burden in the district court, Gant claimed that he received a notice from the State that fully restored his civil rights. During the evidentiary hearing, Judge McCuskey heard Gant's and Rodriguez's testimony regarding his receipt of the letter, along with testimony from the government showing that the letters Gant offered as proof of receipt were forgeries. Based on inconsistencies between Gant's and Rodriguez's testimony and the conclusions of the government witnesses that Gant's letters were fake, Judge McCuskey found that

---

[2] (...continued)

imprisonment for a term exceeding one year" is subject to the exclusion for convictions for which a person has had civil rights restored. 18 U.S.C. § 921(a)(20). And only violent felonies, in turn, are defined as "crime[s] punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2).

Gant failed to meet his burden to show that he received a letter. This made his ACC classification appropriate and did away with his ineffective assistance claim.

On appeal, Gant continues to argue that "the State of Illinois fully restored all of [his] civil rights when he received a notice from the State," and as such, the district court erred. Because Gant argues that his actual receipt of the letter restored his rights, we focus solely on whether he showed, by a preponderance of the evidence, that he received a letter. We note, however, that we have not squarely addressed at what point—either dispatch or receipt—a state notice effectively restores civil rights for purposes of 18 U.S.C. § 921(a)(20). *Compare Buchmeier*, 581 F.3d at 563-64 ("[N]o matter what state law provides, a person who has received a 'pardon, expungement, or restoration of civil rights' is not treated as convicted for federal purposes 'unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.'"), *and Vitrano*, 405 F.3d at 510, *with Buchmeier*, 581 F.3d at 566 ("Even if a state deems a person 'convicted' for purposes of its domestic law, if it sends a document that seems to restore all civil rights the conviction does not count for federal purposes unless the document warns the person about a lingering firearms disability."), *and Erwin*, 902 F.2d at 512-13.

Gant's evidence of actual receipt was shaky at best. While Gant claimed that he received one letter, he produced multiple versions of this letter, all of which were

inconsistent and contained errors that led the Depart-
ment of Corrections employee to conclude that they
were inauthentic. By producing inauthentic (and pos-
sibly fraudulent) letters, Gant damaged his credibility,
making his later testimony that he received a letter
suspect. Inconsistencies between his testimony and
Rodriguez's testimony further undermined his cred-
ibility. Moreover, while the Department employee
testified that standard practice was to send a restoration
letter after parole was complete, the employee could not
verify that a letter was actually dispatched and received.
Gant's damaged credibility and the weakness of his
evidence led the district court to conclude that he failed
to show receipt of a notice, and we see no clear error in
this finding. Since Gant did not meet his burden, his
ACC classification stands and his ineffective assistance
claim falls for want of prejudice. *See Strickland,* 466 U.S.
at 697.

Gant finally argues that the district court erred when
it classified him as an ACC. This claim is unsuccessful
for a number of reasons. First, Gant did not bring this
claim on direct appeal; he has not established cause
and prejudice, so he may not proceed with it under
§ 2255. *See Melvin v. United States*, 78 F.3d 327, 329 (7th
Cir. 1996). Second, even if Gant did show cause and
prejudice, for the reasons discussed above, he is unable
to establish that the district court erred in sentencing
him as an ACC.

### III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's denial of Gant's § 2255 motion.