**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2011
Decided August 25, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 10-3573

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:08-cr-00535-1 |
| LASHUN PARKER, *Defendant-Appellant.* | Elaine E. Bucklo, *Judge.* |

**O R D E R**

After a jury trial, Lashun Parker was convicted of possessing crack cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), carrying a gun in furtherance of the crack offense, 18 U.S.C. § 924(c)(1)(A), and possessing a firearm as a felon, *id.* § 922(g)(1). On appeal he argues that the district court lacked subject-matter jurisdiction over the § 922(g)(1) charge. He also contends that the Fair Sentencing Act of 2010 should have been applied retroactively, a point with which the government now agrees. Parker's jurisdictional argument lacks merit, and his FSA claim is foreclosed by circuit precedent. And although the government has pointed out that Parker's prison term on the § 922(g)(1) count exceeds the statutory maximum by two months, the error does not prejudice Parker. Accordingly, we affirm the judgment.

**I.**

Acting on information from police in another city, Chicago officers arrested Parker outside Midway Airport and, while searching him, found 132 grams of crack and a pistol. Parker did not challenge any of the three charges after his indictment, and at trial he stipulated to the prior felony conviction underlying the § 922(g)(1) count. The jury found him guilty of all three charges.

Parker's lawyer filed several post-trial motions. Among them was a timely motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) or, in the alternative, for a new trial under Rule 33. The district court denied this motion. Five months later Parker, although still represented by counsel, moved pro se under Federal Rule of Criminal Procedure 12(b)(3) to set aside the jury's verdict on the § 922(g)(1) charge. According to Parker, the district court never had "jurisdiction" over that count because, he maintained, he didn't have any convictions meeting the "prior felony" element of § 922(g)(1). Parker acknowledged that he twice served time in Illinois—for armed robbery and burglary—but insisted that these felonies did not count because his rights to vote and hold public office were restored automatically by Illinois statute, 730 ILCS 5/5-5-5, upon each release from prison. He contended that *United States v. Buchmeier*, 581 F.3d 561, 566-67 (7th Cir. 2009) (en banc), compels the conclusion that his Illinois offenses do not qualify as convictions under 18 U.S.C. § 921(a)(20) because the Illinois statute restoring his rights "did not mention" a prohibition on firearms. Parker said nothing at all in his motion about having received a letter or some other written notice from the Illinois Department of Corrections concerning the restoration of his civil rights. The government, though, ignored Parker's specific contention that his civil liberties had been restored by operation of law and inexplicably read Parker's motion to argue that he learned about the restoration of his rights through a letter from the IDOC and responded that Parker had not proved that he received such a letter. The government attached a copy of the IDOC's written policy directing that each released prisoner be "notified of restoration of his rights" along with a sample letter corresponding to the notifications used in 2002, when Parker last was released from prison.

Parker's lawyer then stepped into the fray. Counsel repeated Parker's contention that his civil rights had been restored by operation of Illinois law, though counsel, like Parker, failed to appreciate that Illinois *does* have a prohibition against felons having guns. *See* 720 ILCS 5/24-1.1(a). Counsel also seized, however, on the government's interjection of a possible written notice from the IDOC. He asserted not that Parker actually had *received* a letter from the IDOC, but that the IDOC must have *sent* him one because the agency is responsible for notifying released inmates of their restored rights. And based on the sample letter provided by the

government, counsel continued, the letter sent to Parker, under *Buchmeier*, would leave him without a countable felony conviction.

The district court denied Parker's motion as untimely. The court concluded that the motion, though labeled as one under Rule 12, challenged only the sufficiency of the evidence supporting the § 922(g)(1) charge, not the court's subject-matter jurisdiction. Thus, the court construed the submission as a motion for acquittal under Rule 29(c) and concluded that Parker had been required to file it within 14 days of the verdict, which he did not do. *See* FED. R. CRIM. P. 29(c)(1).

At sentencing the district court determined that Parker was responsible for 132 grams of crack. *See* U.S.S.G. § 2D1.1(c)(6). Parker's total offense level of 28 and his criminal history category of V yielded a guidelines imprisonment range of 130 to 162 months. He also faced a mandatory minimum of 60 consecutive months' imprisonment for his violation of § 924(c)(1). The district court sentenced him to a total of 182 months' imprisonment: 122 months for the drug count, a concurrent sentence of 122 months for the § 922(g)(1) violation, and a consecutive sentence of 60 months for the § 924(c)(1) offense.

## II.

Parker first argues that *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), and *United States v. Bell*, 624 F.3d 803 (7th Cir. 2010), were decided incorrectly and maintains that the Fair Sentencing Act should be applied retroactively to him. The government initially defended both *Fisher* and *Bell*, but the Attorney General announced to federal prosecutors on July 15, 2011, that the Department of Justice had reversed course and adopted the view that the FSA applies retroactively to defendants sentenced after the statute's effective date of August 3, 2010. In *Fisher* we held that the FSA does not apply to anyone whose offense preceded the statute's enactment, even if he was sentenced afterward. 635 F.3d at 640. That decision controls here, notwithstanding the government's shift in position.

Parker also reasserts that the district court did not have "jurisdiction" over the third count of the indictment because, he argues, the charge under § 922(g)(1) was not prosecutable as a federal offense. Parker maintains that his motion invoked Rule 12, not Rule 29, and contends that the district court "really cloud[ed] the issue" by interpreting his motion as one about the sufficiency of the evidence. The real issue, Parker insists, is "whether or not it is the Government's burden to prove jurisdiction or the Defendant's burden to disprove jurisdiction."

Parker seems to have realized that the Illinois statute that restored his civil liberties does not help him here. Illinois restores a prisoner's rights to vote and hold an office "created by the

[state] Constitution" upon his release, 730 ILCS 5/5-5-5, but the state also prohibits felons from possessing firearms, 720 ILCS 5/24-1.1(a). Because of that prohibition, Parker cannot claim that the restoration of his rights by operation of Illinois law misled him into believing that he could possess a gun. *See United States v. Gillaum*, 372 F.3d 848, 861-62 (7th Cir. 2004).

Parker argues instead that he was notified of the restoration of his civil rights through a letter that was deficient under *Buchmeier*. In that decision, we confirmed our stance that, when a state gives a released prisoner written notice that "all" of his civil rights have been restored (or at least tells him that his rights to vote, to hold elective office, and to serve on a jury have been restored if taken away), the state must include notice in that communication of any firearms limitation; if not, the conviction doesn't count for federal purposes. *Buchmeier*, 581 F.3d at 566-67. Parker has never asserted that he received or saw a letter telling him that his rights had been restored; rather, he contends that we should presume that the IDOC sent him a letter, and that this hypothetical letter was silent as to any firearms prohibition and thus was deficient under *Buchmeier*. If we indulge those presumptions, he continues, then his Illinois felonies do not count as convictions under 18 U.S.C. § 921(a)(20). And without a predicate conviction for the § 922(g)(1) charge, Parker concludes, the indictment was so defective that the district court had no jurisdiction over it.

Parker's logic is wrong on a number of levels. As an initial matter, Parker is incorrect that the district court lacked subject-matter jurisdiction. Plainly put, district courts have jurisdiction over all federal prosecutions, and possession of a firearm by a felon is a federal crime under § 922(g)(1). *See United States v. Bjorkman*, 270 F.3d 482, 490 (7th Cir. 2001); *United States v. Rogers*, 270 F.3d 1076, 1078 (7th Cir. 2001). And although Parker's pro se motion to set aside the verdict was labeled as a motion under Rule 12(b)(3), its content invoked Rule 29. If he intended to allege a defect in the indictment, that challenge, made after trial, came too late. *See* FED. R. CRIM. P. 12(b)(3)(B); *United States v. Foster*, No. 10-3198, 2011 WL 2909455, at *13 (7th Cir. July 21, 2011) (explaining that claim of restoration of civil rights is affirmative defense). As the district court correctly recognized, what Parker actually challenged is whether the government had proved an element of the § 922(g)(1) charge—a prior felony conviction. But that challenge raises no jurisdictional issue. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Frook*, 616 F.3d 773, 777-78 (8th Cir.), *cert. denied*, 131 S. Ct. 809 (2010); *United States v. Ceballos*, 302 F.3d 679, 692 (7th Cir. 2002). Thus, the court correctly construed the submission as a motion for a judgment of acquittal under Rule 29(c) and had no authority to grant the untimely motion. *See Carlisle v. United States*, 517 U.S. 416, 433 (1996); *United States v. Moore*, 363 F.3d 631, 638 (7th Cir. 2004), *rev'd on other grounds sub nom. Young v. United States*, 543 U.S. 1000 (2005).

Moreover, even if the motion had been timely, Parker's argument still would fail because ample evidence supports the prior-felony element of his § 922(g)(1) conviction. Parker *stipulated* that he had such a conviction, and he is bound by that stipulation. *Foster*, 2011 WL 2909455, at \*12; *United States v. Sloan*, 492 F.3d 884, 893 (7th Cir. 2007); *United States v. Morgan*, 384 F.3d 439, 444 (7th Cir. 2004); *Moore*, 363 F.3d at 637. His attempt to navigate around his admission through *Buchmeier* is unavailing. The holding in *Buchmeier* hinges on the content of the letters sent to released prisoners restoring their rights: The letter must "mousetrap" a felon into thinking he can possess a gun. 581 F.3d at 566-67. But Parker has never asserted that he *received* a letter from the IDOC, let alone produced one. He merely points to a form restoration-of-rights notification used by the IDOC in 2002 and asserts that we can presume that the IDOC sent him the same notification, which fails to inform the recipient about the Illinois statute prohibiting felons from possessing guns. But Parker's unsubstantiated assertions cannot create this presumption. The IDOC policy that he relies on mandated that each released prisoner be "notified of restoration of his rights"; the policy provided no requirement that the notification be sent by letter or any other writing. Without any evidence that Parker received a restoration-of-rights letter, he cannot have been mousetrapped by the letter's content. *See Gant v. United States*, 627 F.3d 677, 682-83 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1840 (2011); *United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005). Thus, his Illinois felony offenses count as convictions under § 921(a)(20) and support the § 922(g)(1) charge.

On a final note, the government points out that the district court sentenced Parker to 122 months for violating 18 U.S.C. § 922(g)(1), but the maximum prison term for that offense is 120 months. *See id.* § 924(a)(2). Parker does not assert that this error carries any consequence, and in any event, the 122-month sentence runs concurrently with the 122-month sentence for his crack offense and thus does not affect his total sentence of 182 months. *See United States v. Hernandez*, 330 F.3d 964, 984 (7th Cir. 2003).

We have reviewed Parker's other contentions, but none has merit.

Accordingly, we AFFIRM the judgment.