NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 25, 2011[*]
Decided October 26, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-1113

| | |
|---|---|
| JESSE C. PHILLIPS, <br> *Plaintiff-Appellant,* | Appeal from the United States District <br> Court for the Southern District of Illinois. |
| *v.* | No. 10-034-GPM |
| ROGER E. WALKER, JR., et al., <br> *Defendants-Appellees.* | G. Patrick Murphy, <br> *Judge.* |

**O R D E R**

Jesse Phillips, an inmate at the Lawrence Correctional Center in Illinois, claims in this action under 42 U.S.C. § 1983 that Department of Corrections employees and a private physician have been deliberately indifferent to his need for medical attention for cholesteatoma, a type of cyst in the middle ear. The district court dismissed the suit with prejudice on the ground that Phillips had filed it before exhausting his administrative remedies. We affirm the judgment, but modify the dismissal to be without prejudice.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(C).

Phillips commenced this action in 2007, but after the district court recruited a lawyer to assist, he twice amended his complaint to substitute the current defendants for those named originally. All of the principal events occurred in the first half of 2006. In their answers and motions for summary judgment, the defendants argued, in part, that Phillips had not exhausted his administrative remedies before filing suit as required by 42 U.S.C. § 1997e(a). *See* ILL. ADMIN. CODE tit. 20, § 504.810; *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). (Phillips has not disputed the private physician's assumption that the exhaustion requirement applies equally when prison administrators have selected an outside consultant or specialist to provide medical care, so we do not take up that question here.) According to the defendants, Phillips had submitted just one grievance about the medical care received for his ear, but that grievance, from July 2008, was still working its way through the administrative process when Phillips filed his second amended complaint in February 2009. Phillips responded that in August 2006 he had submitted a grievance that an assistant warden and the healthcare administrator at Lawrence returned unprocessed while threatening him with segregation if he presented any more grievances. Therefore, he argued, he was prevented by the defendants from exhausting his administrative remedies. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004).

The district court conducted an evidentiary hearing, *see Pavey*, 544 F.3d at 742, to determine whether Phillips in fact had been thwarted from using the grievance process. At that hearing, the healthcare administrator testified that she had no knowledge of anyone interfering with, refusing to process, or even seeing the grievance Phillips supposedly had submitted in 2006. And she flatly contradicted Phillips's testimony that the assistant warden had threatened him with segregation in her presence. The district court credited the testimony of the healthcare administrator and concluded that Phillips was lying about the 2006 grievance. And since Phillips conceded that his 2008 grievance had not been resolved by the time his second amended complaint was filed, the district court found that he had not exhausted his administrative remedies. The court thus dismissed the case with prejudice.

On appeal Phillips first contends that the district court should have accepted his contention that the defendants waived the affirmative defense of nonexhaustion by waiting to raise it in their answers to his complaint instead of in their earlier motions to dismiss. We disagree. Phillips is correct that failure to exhaust administrative remedies is an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Affirmative defenses ordinarily are raised in a defendant's answer, FED. R. CIV. P. 8(c); *Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010), though nonexhaustion can be asserted even in a motion for summary judgment if the plaintiff is not harmed by the delay, *see Hess v. Reg-Ellen Mach. Tool Corp. Emp. Stock Ownership Plan*, 502 F.3d 725, 729–30 (7th Cir. 2007); *Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2006). Here the defendants raised the nonexhaustion defense in their answers and

pressed it in their motions for summary judgment, so the defense could not have been waived.

Phillips next argues that the district court erred in dismissing this action with prejudice. Dismissals for failure to exhaust under § 1997e(a) are without prejudice and do not bar refiling the suit unless it is too late to exhaust. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If a prisoner has exhausted a grievance but filed suit before the administrative process had concluded, "then dismissal of the premature action may be followed by a new suit that unquestionably post-dates the administrative decision." *Ford*, 362 F.3d at 401. Even if the statute of limitations would provide a good defense to a new suit, the premature action should not be dismissed with prejudice. *Id.* Here, although the district court concluded that Phillips had lied about submitting a grievance in 2006, his legitimate 2008 grievance became fully exhausted after the § 1983 suit was filed. That grievance does not name all the parties to this action but does name one current defendant and makes reference to the Lawrence medical staff in general. *See* ILL. ADMIN. CODE tit. 20, § 504.810. So while many of these same defendants might have valid defenses about nonexhaustion or the statute of limitations if Phillips brings a new suit, those are questions to be resolved in the new litigation. Thus, Phillips is correct that his action should have been dismissed without prejudice.

Finally, Phillips argues in his reply brief that the district court should have believed him and not the healthcare administrator at the *Pavey* hearing. Arguments raised for the first time in a reply brief are waived, *see, e.g.*, *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 528 (7th Cir. 2005), though even if this contention was properly before us, we would not conclude that the court's credibility finding was clearly erroneous, *e.g. Gant v. United States*, 627 F.3d 677, 681–82 (7th Cir. 2010).

The judgment is MODIFIED to be without prejudice and, as modified, AFFIRMED.