In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 13-3506

FREDERICK T. GARNER,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:09-cv-739 — **Larry J. McKinney**, *Judge.*

———————————

No. 15-3661

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FREDERICK T. GARNER,

*Defendant-Appellant.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 05-cr-0194-01 — **Larry J. McKinney**, *Judge.*

ARGUED NOVEMBER 6, 2015 — DECIDED DECEMBER 21, 2015

_____

Before WOOD, *Chief Judge*, and POSNER and EASTERBROOK, *Circuit Judges*.

WOOD, *Chief Judge*.   In 2007 Frederick Garner was convicted by a jury for federal gun and drug crimes; the court imposed a sentence of 322 months' imprisonment. Garner appealed, but counsel filed a no-merit brief under *Anders v. California,* 386 U.S. 738 (1967). We agreed with that assessment and dismissed the appeal. See *United States v. Garner,* 281 F. App'x 571 (7th Cir. 2008). About a year later, Garner filed a motion for relief under 28 U.S.C. § 2255, in which he asserted that he had received ineffective assistance of counsel. That motion lay dormant until January 2013, when new counsel revived it with an amendment raising two new arguments: (1) the enhancement of his sentence using a state conviction that was later vacated violated Garner's due process rights, and (2) his attorney was ineffective for failing to object to the introduction at both the guilt and sentencing stages of evidence that came directly from plea negotiations.

The district court *granted* Garner's motion. It found merit in his first argument, but not the second one. The court's opinion, which is dated August 15, 2013, concludes as follows:

> The foregoing shows that Garner is entitled to relief pursuant to 28 U.S.C. § 2255 in the form of a new sentencing hearing. The amended motion for relief pursuant to § 2255 [dkt 37]

> is therefore **granted**. The sentence in the under-
> lying criminal action shall be **vacated**.

Garner filed a *pro se* notice of appeal from that judgment on November 6, 2013 (No. 13-3506), and this court later recruited counsel for him. (We questioned the timeliness of his appeal, because parties in a civil matter, including proceedings under § 2255, have only 60 days from the date of judgment to appeal in cases to which the United States is a party. See 28 U.S.C. § 2107(b)(1). But Garner explained that he had written to the district court on October 11, 2013, to tell the court that he wanted "to appeal the parts of my 2255 that was denied." This sufficed, we concluded, as a timely notice of appeal.) On October 1, 2014, we issued a certificate of appealability that identified the question relating to the effectiveness of counsel as appropriate for appeal.

In the meantime, on October 24, 2013, the district court held the promised resentencing hearing. The hearing was limited in scope, however, because both parties believed that the question of the effectiveness of counsel's handling of the evidentiary issue was not before the district court because of the pending appeal in No. 13-3506. On November 6, 2013, the court entered an amended judgment, in which it reduced Garner's sentence to 248 months. Garner did not file a timely notice of appeal from that judgment, but as we explain below, he has now appealed from the new criminal judgment in No. 15-3661.

As this brief account reveals, this case turned into an unnecessary procedural snarl. The fundamental problem is simple: Garner *won* everything he could receive in his § 2255 proceeding. The fact that the district court accepted one reason for that outcome and rejected another is of no im-

portance. What matters is the judgment, and once the court ordered a full resentencing, that is what Garner should have received.

Matters went off the rails, through no fault of Garner's (who after all had been acting *pro se*), when he thought that he needed to appeal from the adverse portion of the district court's August 2013 opinion. We should have spotted this problem immediately, but we did not. Instead, we first focused on the timeliness issue, and once that was resolved, we looked at the merits of the point Garner had briefed: his ineffective assistance of counsel claim. That led to the certificate of appealability, and in time to the oral argument on November 6, 2015, before this panel.

At that argument, we asked the parties to file memoranda addressing the status of the appeal in No. 13-3506, in light of the fact that Garner took the appeal notwithstanding the fact that he had prevailed in the district court. We also asked them to comment on the bearing that the November 6, 2013, resentencing in the criminal proceeding has on Garner's motion under § 2255. They have done so, and they now agree that the appeal in the § 2255 case should not have been taken. Their joint statement suggests that "[i]f a petitioner like Garner wishes to challenge the portion of his § 2255 motion the district court has denied (where the court also granted part of the motion), the proper recourse is to appeal the judgment in the related criminal case that follows resentencing on the granted portion of the § 2255 motion."

While this joint statement represents some progress, it still fails to recognize that Garner did not win in part and lose in part back in August 2013 when the court ruled on his § 2255 motion. He won, period. The only relief that he want-

ed was resentencing, and resentencing is what the district court promised him. But because of the misunderstanding that arose after Garner tried to appeal from the district court's comments indicating that the court saw no merit in Garner's ineffective-counsel argument, Garner did not receive the full resentencing to which he was entitled.

All that remains is to dispose of the two appeals before us: No. 13-3506, which complains about the district court's rationale in the § 2255 case, and No. 15-3661, which is an untimely appeal from the resentencing. Because Garner prevailed in the § 2255 proceeding, he is not entitled to take an appeal in that case. We therefore DISMISS No. 13-3506. What remains is Garner's appeal from his resentencing, No. 15-3661. His notice of appeal in the criminal case is untimely (by quite a lot), but the time-bar of Federal Rule of Appellate Procedure 4(b) is not jurisdictional. See *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Here, the government has agreed not to invoke Rule 4(b), and so the appeal in No. 15-3661 is properly before us. For the reasons we have already stated, we VACATE the new criminal sentence and REMAND this case to the district court for full resentencing, at which both sides will be free to present all their arguments.

*So ordered.*