In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1239

LAMAR BLAKE,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 14 CV 50117 — **Philip G. Reinhard**, *Judge.*

ARGUED JANUARY 27, 2016 — DECIDED FEBRUARY 26, 2016

Before POSNER, KANNE, and HAMILTON, *Circuit Judges.*

PER CURIAM. Lamar Blake pled guilty to possessing cocaine base with intent to distribute and possessing a firearm as a felon. *See* 18 U.S.C. § 922(g); 21 U.S.C. § 841(a)(1). Blake did not appeal, but he later filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The district court held an evidentiary hearing on one of Blake's claims—that he had received ineffective assistance of counsel when his attorney failed to file a requested notice of ap-

peal. After the hearing, the district court denied Blake's § 2255 motion but certified the ineffective-assistance claim for appeal. Because the district court's finding that Blake did not ask his attorney to file an appeal is not clearly erroneous, we affirm.

## I. History

Blake was represented during his criminal proceedings by retained counsel and pled guilty to possessing cocaine base and a firearm as a felon. The plea agreement did not include a waiver of Blake's right to file an appeal or a § 2255 motion.

A probation officer prepared a presentence investigation report (PSR), finding that Blake qualified as an armed career criminal, *see* 18 U.S.C. § 924(e), and a career offender, *see* U.S.S.G. § 4B1.1. Blake's counsel did not object to the PSR, but the probation officer filed a supplemental report the day before Blake's sentencing hearing clarifying that Blake was not in fact an armed career criminal but still qualified as a career offender based on prior drug convictions. The district court accepted the probation officer's amended findings and calculated a guidelines range of 188 to 235 months' imprisonment. Counsel did not object to the guidelines calculation, and Blake confirmed that he approved of his attorney's actions. The district court explained that "[i]t would be easy for me to sentence [Blake] to the maximum of 235 or go over that," but settled on concurrent terms of 216 months' imprisonment on each count. The district court then explained to Blake his right to appeal and the repercussions of not doing so.

Almost a year later Blake filed a § 2255 motion, arguing that his plea was not knowing and voluntary and that his attorney rendered ineffective assistance in several ways, including by not filing a requested notice of appeal. Blake submitted an affidavit averring that he asked his attorney to file a notice of appeal. The government responded with an affidavit by Blake's counsel stating that he discussed with Blake his right to appeal after the sentencing hearing, but that Blake said he was satisfied with his sentence and so did not wish to appeal. The district court denied Blake's § 2255 motion on all claims except the alleged ineffective assistance for failing to file an appeal; the district court ordered an evidentiary hearing on that claim and appointed counsel for Blake.

At the evidentiary hearing, only Blake and his former attorney testified. Blake testified that he asked about his appeal on three occasions. First, he told counsel he wanted to appeal right after his sentencing hearing. Next, while Blake was incarcerated at the Winnebago County Jail because of a detainer from the Illinois Department of Corrections, counsel visited him twice before the expiration of the time to appeal. Blake said he asked about his appeal on both occasions. According to Blake, he was subsequently moved to several facilities and both he and other family members, including his brother, attempted unsuccessfully to contact his attorney. Blake first learned that his appeal had not been filed in May 2014 after his family called the Court of Appeals. Blake, who testified that he has an eighth grade education, then conducted research to "find out if [he] can get back to an appeal" and filed his § 2255 motion.

Counsel testified that he and Blake had a "very good" working relationship. He confirmed that he and Blake had a short conversation after the sentencing hearing but said that Blake never asked him to file a notice of appeal. He further testified that Blake was happy with the sentence he received because he had feared an above-guidelines sentence based on his lengthy criminal history. Counsel said he was unaware of any attempts by Blake or his family members to contact him after sentencing. When asked about his visits with Blake at the jail, counsel initially did not remember the visits. But after being shown visitors' logs from the jail, he responded that his recollection was refreshed but that they did not discuss filing a notice of appeal during those visits. Counsel testified that he would have made a notation if Blake had requested that he file an appeal, but he would not have made a similar notation if Blake had not wanted to appeal.

The district court made oral findings, which it later adopted in a written order, that Blake had not asked his attorney to file a notice of appeal and therefore could not succeed on his ineffective assistance of counsel claim. The district court found that Blake's credibility was undermined because (1) he waited almost a year after sentencing to file anything with the court complaining about his appeal not being filed; (2) at sentencing Blake seemed satisfied with his sentence; (3) Blake has an extensive criminal history which undercut his credibility generally; (4) there were inconsistencies between Blake's version of events supporting other claims in his § 2255 motion and what he said during the plea colloquy and sentencing hearing; (5) Blake has a reason to lie; and (6) he did not corroborate his claim with other evidence, such as an affidavit or testimony from his family

members who he asserted tried to contact his attorney. The court, on the other hand, found counsel credible because (1) his testimony that Blake was happy with his sentence because he faced the possibility of a much higher one was logical and consistent with the transcript of the sentencing hearing, (2) he has no bias or interest, and (3) he is an experienced attorney who had no reason not to file an appeal if asked.

The district court also separately discredited Blake's testimony that he and his attorney discussed an appeal while Blake was at the jail. The court found that the "focus of the conversation" was the detainer placed on Blake by the Illinois Department of Corrections. The court based this finding on Blake's testimony that the detainer was why he asked his attorney to meet him in jail and the fact that counsel did not remember the meetings was "not unusual if there was nothing remarkable that the defendant had asked him."

The court did, however, grant relief on a claim Blake's newly appointed attorney added to the § 2255 motion. Blake was sentenced to 216 months' imprisonment on both counts. But Blake is not an armed career criminal, so the maximum sentence for the firearm offense was 120 months' imprisonment. *Compare* 18 U.S.C. § 924(e)(1), *with* § 924(a)(2). The district court therefore vacated the 216-month sentence on the firearm count and imposed 120 months' imprisonment, still to run concurrently to the 216-month term for the drug count.[1] The court also granted Blake a certificate of appeala-

---

[1] Neither party argues that the adjustment to Blake's sentence on the firearm count impacts this appeal. At most, Blake received a resentencing on that count, which would not entitle him to challenge the underly-

(continued…)

bility on his claim that his attorney was ineffective for not filing an appeal: "Given the nature of these proceedings, and the fact that the court had to make a factual finding regarding whether defendant instructed his attorney to file an appeal, the court finds that reasonable jurists could debate" whether Blake had received ineffective assistance.

## II. Analysis

To succeed on the ineffective assistance claim certified for appeal, Blake had to show that he in fact asked his attorney to file a notice of appeal. *See Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010). The only issue before us, therefore, is if the district court clearly erred in finding that Blake did not, a determination based on the relative credibility of the two men. A credibility determination will be overturned only if credited testimony is internally inconsistent, implausible, or contradicted by extrinsic evidence. *Ortiz v. Martinez*, 789 F.3d 722, 729 (7th Cir. 2015); *United States v. Williams*, 216 F.3d 611, 614 (7th Cir. 2000). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985); *see also Webster v. United States*, 667 F.3d 826, 833 (7th Cir. 2011). We have gone so far as to say that a "credibility determination is not a basis for appellate review." *Gant*, 627 F.3d at 681 (internal citation

---

(…continued)

ing conviction in a subsequent proceeding. *See Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013). And because Blake retained the right to appeal the validity of his guilty plea, the relief sought in this appeal is not coextensive with the relief he received. *See Garner v. United States*, 808 F.3d 716, 718 (7th Cir. 2015).

and quotation marks omitted). But simply affixing the label "credibility determination" will not insulate a decision from review, and the court must base a finding on evidence, not mere speculation. *See Anderson*, 470 U.S. at 575; *Ray v. Clements*, 700 F.3d 993, 1012–17 (7th Cir. 2012); *Castillo v. United States*, 34 F.3d 443, 445–46 (7th Cir. 1994).

Despite Blake's best efforts to argue that some of the district court's reasoning was not based on the evidence, the district court here chose between two competing, plausible versions of events. The only evidence, other than the jail visitors' logs, was testimony by Blake and his attorney. Counsel said that Blake never asked him to file an appeal, and the district court believed his testimony over Blake's. This finding is clearly supported. The court credited counsel because, for example, his testimony that Blake was happy with his sentence aligned with the court's reading of the sentencing transcript and was logical because Blake faced the possibility of a far longer sentence. Indeed, the district court said at sentencing that "[i]t would be easy for me to sentence [Blake] to the maximum of 235 or go over that." Furthermore, Blake failed to present any evidence corroborating his version of events, such as an affidavit or testimony from the family members he claimed unsuccessfully tried to contact his attorney, even though his brother was present at the evidentiary hearing. *Cf. Furry v. United States*, 712 F.3d 988, 994 (7th Cir. 2013); *Morales v. Johnson*, 659 F.3d 588, 602 (7th Cir. 2011).

We note briefly, however, that two of the district court's reasons for discrediting Blake are problematic. First, the court believed that if Blake was really concerned about an appeal, then he would have filed something with the court sooner than he filed his § 2255 motion. But it is undisputed

that Blake met the one-year deadline for filing his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). Using a perceived lack of diligence to undermine Blake's credibility effectively prevented him from taking the full year he was allotted. *See Liu v. Lynch*, 788 F.3d 737, 741 (7th Cir. 2015). Diligence is instead an appropriate inquiry when determining if lateness should be excused by equitable tolling. *See Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013); *Ryan v. United States*, 657 F.3d 604, 607 (7th Cir. 2011). Next, the district court found that Blake was biased—and therefore more likely to lie—because he "wants to somehow get this before the Court of Appeals," while counsel had "no such bias." But it will always be true that a movant—if he is unsuccessful in the district court and especially if his claim is based on not receiving an appeal—would want his case to proceed. Additionally, although there was no evidence that counsel had a bias against Blake, an attorney accused of ineffective assistance certainly has an interest in protecting his reputation.

Despite our disagreement with two of the district court's specific reasons underpinning its credibility ruling, we cannot find that the district court clearly erred in finding that Blake did not ask his attorney to file an appeal. *See United States v. White*, 240 F.3d 656, 660–61 (7th Cir. 2001) (explaining that factual findings will not be disturbed even if reviewing court would have weighed evidence differently as trier of fact); *Abbott v. United States*, 195 F.3d 946, 950 (7th Cir. 1999) (upholding credibility determination even though "evidence was not entirely consistent").

### III. Conclusion

Accordingly, the judgment is AFFIRMED.